## Wilmer A. Lesher and Ruth Lesher *v.* The American Telegraph and Telephone Company of America.

Argued February 8, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO and MENCER. Judge ROGERS absent.

*Lawrence Sager,* with him *Sager & Sager,* for appellant.

*George C. Corson, Jr.,* with him *Wright, Spencer, Manning & Sagendorph,* for appellee.

OPINION BY JUDGE MENCER, April 14, 1971:

On May 21, 1969, the American Telegraph and Telephone Company of Pennsylvania, hereinafter referred to as appellee, condemned an easement across the property of Wilmer A. Lesher and Ruth M. Lesher, hereinafter referred to as appellants. The appellee condemned the easement under and by virtue of Section 1 of the Act of June 5, 1947, P. L. 424, 15 P.S. §3304. The procedures governing the tender and approval of a bond are controlled by Section 41 of the Act of April 29, 1874, P. L. 73, as amended, 15 P.S. §3022. On October 16, 1969, the appellee petitioned the Court of Common Pleas of Montgomery County for approval of a condemnation bond for the easement condemned over appellants' property. The appellants filed preliminary objections and following appellee's answer and argument the court en banc dismissed the preliminary objections and this appeal followed from said dismissal.

The easement in question was necessary for the placement of an underground coaxial cable which will provide for the transmission of long distance communications between the Chicago and St. Louis areas and the eastern seaboard states. The cable is about three inches in diameter and was buried at least four feet underground so as to provide security from natural or man-made disaster, while causing as little inconvenience to the landowners as possible. The cable has the capacity to carry 32,400 simultaneous message circuits.

The easement is not fenced off and the landowners are free, not only to traverse the easement, but also to utilize the surface area for such purposes as the cultivation and harvesting of crops. In addition, since construction has been completed and the land has been restored to an equivalent pre-existing condition, there is no physical evidence of the cable, except for occasional surface markers which warn against deep excavation.

The appellee had considered two alternative cable routes which would have traversed the appellants' property prior to selecting the final cable location which is the subject of this appeal. The first route considered would have crossed appellants' property but would also have traversed the neighboring property owned by one Wentz. Mr. Wentz objected to the cable's crossing his land and thereafter appellee considered a second route that would be approximately 100 feet longer and would be entirely over appellants' property. Inherent in the consideration of this second route was the fact that it was possible to bypass the Wentz property but impossible to devise a cable route that would not traverse appellants' property. The second route considered was abandoned because of the appellants' opposition to such route because the cable would have gone through fields which were being drained by the use of tiles. Upon learning of this condition, the appellee selected yet

another route for its cable which would be less objectionable to appellants. This selected route was 440 feet longer than the second route and cost between $6500 and $7000 more for installation of the cable, but it was more acceptable to appellants.

The contention raised by appellants is that the appellee could have selected a shorter route which would have crossed the Wentz property and resulted in a shorter easement across their property and that appellee's failure to do so was an arbitrary and capricious exercise of its power to condemn easements. We must reject such a contention and affirm the lower court's dismissal of appellants' preliminary objections.

The selection of the right-of-way is a matter for the public utility and will not be set aside unless the powers conferred upon the public utility are wantonly, capriciously or arbitrarily exercised. *West Penn Power Co. v. Pennsylvania Public Utility Commission,* 199 Pa. Superior Ct. 25, 184 A. 2d 143 (1962). The failure to select a route which would reduce the inconvenience to the landowners does not constitute grounds for withholding the exercise of the power to condemn the easement. *Stone v. Pennsylvania Public Utility Commission,* 192 Pa. Superior Ct. 573, 162 A. 2d 18 (1960). In *Schenck v. Pittsburgh,* 364 Pa. 31, 36, 70 A. 2d 612, 614 (1950), we find the standard for the proper exercise of the power of eminent domain when the Court stated: "It has been held in many cases that where the right of eminent domain is vested in a municipality, an administrative body, or even a private corporation, the question as to whether the circumstances justify the exercise of the power in a given instance is not a judicial one, at least in the absence of fraud or palpable bad faith." The appellants do not claim the existence of fraud but do assert that the selection of a longer route which did not traverse their neighbor's land con-

stituted palpable bad faith. We cannot agree, since appellee's failure to condemn an easement on another property is not relevant to the proper exercise of appellee's power to condemn an easement on appellants' property. The record does not support any bad faith on the part of the appellee but, on the contrary, establishes that appellee expended additional money to make a longer installation to accommodate appellants.

In *Duquesne Light Co. v. Upper St. Clair Township,* 377 Pa. 323, 338, 105 A. 2d 287, 294 (1954), it was stated: " '. . : "Under a delegation of the power of eminent domain the grantee of the power, in the absence of legislative restriction, may determine the location of the land [to be] acquired, and such determination will not be interfered with by the courts if it is made in good faith and is not capricious or wantonly injurious, or in some respect beyond the privilege conferred by the charter or statute. *The landowner cannot raise the objection that there is no necessity for condemning the property because some other location might be made".' "* (Emphasis added)

The fact that the cable had to cross some of the appellants' property is clearly established by the evidence. There is no evidence to support a conclusion that appellee's final selection of a route was wanton, capricious or made in palpable bad faith. We hold that appellee was not legally obligated to select a more direct route which would have required the acquisition of two easements when a somewhat longer route would necessitate the acquiring of only one easement. The route selected by appellee was reasonable, and the condemnation of the easement required was in accord with the appellee's right to condemn under the Act of June 5, 1947, P. L. 424, 15 P.S. §3304.

We affirm the lower court's order in dismissing appellants' preliminary objections and in approving ap-

pellee's condemnation bond. Our affirmance is without prejudice to appellants to obtain just compensation allowable to them by law for the easement acquired by the appellee across their property.

Judge MANDERINO concurred in the result.