## Mader v. Integrity Real Estate

· *Henry W. Mitchell,* for plaintiffs.
*Robert H. Slivinski,* for Snyder County Sewage Code Enforcement Committee.
*Robert M. Cravitz,* for Integrity Real Estate.
*Robert H. Steinberg,* for Center Township.

WOELFEL, *J.,* October 29, 1992—The defendant's motion to strike alleges that the plaintiffs failed to file their pleading on or before July 29, 1992, and that the plaintiff's first amended complaint was verified by the plaintiffs' attorney, "without explanation as to why neither party verified said pleading, nor without source of [the attorney's] knowledge." Those averments were admitted in the plaintiffs' answer to motion to strike, although the court will note that the answer to motion to strike pleading was again "verified" by plaintiffs' counsel, and that verification also was made without explanation as to why neither party verified the said pleading, and did not specify Mr. Mitchell's source of knowledge. Thus, there is some question as to whether the said motion to strike pleading was even answered, in accordance with this court's order of September 16, 1992.

Pa.R.C.P. 1024(c) provides as follows:

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party."

This matter is resolved by *Monroe Contract Corp. v. Harris Square Inc.,* 266 Pa. Super. 549, 405 A.2d 954 (1979). In that case the Superior Court held that:

"In suitable circumstances, therefore, 'any person having sufficient knowledge or information and belief' may verify a petition. It seems clear to this court that an attorney qualifies as 'any person.' Pa.R.C.P. no. 1002 does not demand a contrary result. That rule states: 'any act *other than verification* required ... to be done by a party may be done by his attorney.' (emphasis added) This only forbids an attorney from doing what a *party* must do; it does not prohibit him from doing what *any person* may do under the Rules. See 1 Goodrich-Amram 2d §1002:1 (1976). Because any person may verify a pleading, and by extension a petition, an attorney has the power to do so in suitable circumstances. We must emphasize, however, that counsel may verify *only* in those cases which the conditions delineated in Rule 1024 are present." (emphasis in the original)

The verification attached to plaintiffs' first amended complaint is devoid of any of those conditions set forth in Pa.R.C.P. 1024(c).

The court would also note that the "signature" of the plaintiffs' attorney, as it appears on the verification of the first amended complaint and on the attached certificate of service, appears to this court to be a stamp facsimile of Mr. Mitchell's signature, as opposed to a signature itself. Thus, this court has grave concerns about whether the verification, even if the information required in Rule 1024(c) was set forth in the verification, would qualify as having been verified by an attorney, as opposed to someone affixing a stamp facsimile of his signature.

In their brief in opposition to defendant's motion to strike, counsel for the plaintiffs asserts that:

"The first amended complaint contained the same facts as the original complaint. Only issues of law are raised that differ from those raised in the original complaint, namely, the elements needed to prove fraud differ from those needed to prove breach of contract. As such, there is no need to have a verification." (Page 2 of plaintiffs' brief.)

For that proposition counsel for the plaintiffs cites *Milford Traumbauersville v. 0.753 Acres of Land,* 25 Pa. Commw. 13, 358 A.2d 450 (1976). Unfortunately for the plaintiff, this court, upon reading *Milford,* finds that it does not stand for the proposition for which plaintiffs' counsel cites it. In point of fact, *Milford,* citing *Peter (Peters) v. Department of Forest and Waters,* 12 Pa. Commw. 330, 314 A.2d 584 (1974), holds that "pleadings which Rule 1023 requires to be verified are limited to

those 'containing averments of fact not appearing of record in the action.' "

As will be noted below, the first amended complaint contains averments of fact not appearing of the record, in addition to those facts averred in the original complaint. Further, the assertion that the only new material in the first amended complaint are issues of law and that facts set forth in the first amended complaint are the same facts plead in the original complaint are also erroneous assertions. Paragraphs 11, 12, 13, 28(f), 28(k), 30(f) and 32 of the first amended complaint contain factual allegations that do not appear in the original complaint. Thus, the first amended complaint must be verified in accordance with the provisions of Rule 1024. It was not, and therefore, it will be stricken.

The court would also note that counsel for the plaintiff failed to appear at the hearing and argument scheduled on the motion. Counsel asserts that the hearing and argument were not on his calendar, despite the fact that the said hearing and argument were scheduled in the same order which established the answer date and the briefing schedule.

## ORDER

And now, October 29, 1992, it is hereby ordered that:

(1) The motion to strike pleading and enter judgment of defendant Snyder County Sewage Code Enforcement Committee is hereby granted.

(2) The prothonotary is directed to enter judgment in favor of defendant Snyder County Sewage Code Enforcement Committee and against the plaintiffs in this action.