## Lazarus v. Morris, Appellant.

*School laws—Eminent domain—Condemnation of land—Act of April 9, 1867, P. L. 51.*

Where land is condemned under the Act of April 9, 1867, P. L. 51, for school purposes, the title acquired by the school district is not an estate in fee simple, but merely a right to use and occupy the land for school purposes, and when this use and occupation ceases, the title reverts to the original owner, or those who hold under him.

The exercise of the right of eminent domain, whether directed by the state, or its authorized grantee, is necessarily in derogation of private right, and the rule is that such authority must be strictly construed.

The appropriation of land under the power of eminent domain does not give a fee simple estate therein in the absence of express statutory language to that effect, but only a right to use and occupy the land for the purpose for which it is taken.

Argued April 11, 1905. Appeal, No. 193, Jan. T., 1904, by defendant, from order of C. P. Luzerne Co., Oct. T., 1902, No. 809, dismissing exceptions to report of referee in case of George Lazarus et al. v. Michael W. Morris. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Ejectment for land in Hanover Township.

Exceptions to report of Felix Ansart, Esq., referee.

The facts are stated in the opinion of the Supreme Court.

The referee reported in favor of the plaintiff.

Exceptions to referee's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to report of referee.

*James L. Morris*, with him *Woodward, Darling & Woodward*, for appellant.—The school district took a fee : Waynesboro School District 1 Pa. C. C. Rep. 422 ; Funk v. School District, 3 Sadler, 177 ; Pittsburg & Lake Erie R. R. Co. v. Bruce, 102 Pa. 23 ; Commonwealth v. McAllister, 2 Watts, 190 ; Haldeman v. Penna. Central R. R. Co., 50 Pa. 425 ; Delaware Division Canal Co. v. McKeen, 52 Pa. 117 ; Craig v. Mayor, etc., of Allegheny, 53 Pa. 477 ; Robinson v. Railroad Co., 72 Pa. 316 ; Wyoming Coal & Transportation Co. v. Price, 81 Pa. 156 ; P. & N. Y. Canal & R. R. Co. v. Billings, 94 Pa. 40 ; Cameron v. Pittsburg, etc., R. R. Co., 157 Pa. 617.

*Daniel A. Fell*, with him *G. Fred Lazarus*, for appellees.— School boards only acquire an easement to the lands which they condemn under the Act of Assembly of April 9, 1867, P. L. 51: Long v. Fuller, 68 Pa. 170 ; Funk v. School District, 18 W. N. C. 447 ; Newville Road Case, 8 Watts, 172 ; Cooley on Constitutional Limitations, 558 ; R. R. Co. v. Bruce, 102 Pa. 23 ; Jessup v. Loucks, 55 Pa. 350 ; Kellogg v. Malin, 50 Mo. 496.

OPINION BY MR. JUSTICE ELKIN, May 15, 1905 :

While the appellant has specified thirty-one assignments of error, it is only necessary to discuss one proposition of law in order to dispose of this case. If the school district of Hanover township acquired by condemnation proceedings under the Act of April 9, 1867, P. L. 51, an estate in fee simple to the land discribed in the writ of ejectment, the contention of the appellant must be sustained. If it only acquired the use and occupancy thereof for school purposes, now abandoned, the case must be affirmed.

The only title claimed by the appellant is that conveyed to him by the school district. The only title or interest the school district had in said land was that acquired by proceedings under the act of 1867. The question therefore arises, what right, title or interest did the school district take by reason of the proceedings instituted and prosecuted to judgment under said act? The answer is contained in the act itself which provides that when school directors are unable to procure eligible sites for the erection of schoolhouses by agreement with the

landowner, it shall be lawful " to enter upon and occupy suf-
ficient ground for the purpose, which they shall designate and
mark off, not exceeding in any case one acre, and to use and
occupy the same for the purpose of erecting thereon a school-
house, with its necessary or convenient appurtenances ; and for
all damage done and suffered, or which shall accrue to the
owner or owners of such land, by reason of the taking of the
same, for the purposes aforesaid, the funds of the district,
which may be raised by taxation, shall be pledged and deemed
as security." The act further provides for the appointment of
viewers, to go upon the land " and having viewed the premises,
they shall establish and determine the quantity and value of
the land so taken, to be used for the purposes aforesaid, and
after having made a fair and just computation of the advan-
tages, and disadvantages, they shall estimate and determine
whether any, and if any, what amount of damage has been or
may be sustained. "

It will be observed that the act only covers the use and oc-
cupancy of the land so appropriated for school purposes. The
damages assessed are intended as compensation for such use
and occupancy. The viewers are to take into consideration the
advantages and disadvantages to the landowner in the compu-
tation of damages, the thought being that the location of a
schoolhouse near the home of the owner is an advantage to
him, which should be taken into consideration in fixing the
amount thereof. There is not a suggestion from the beginning
to the end of the statute that the school district is to acquire
anything more than a right to use and occupy the land for
school purposes. This is the central idea upon which the en-
tire statutory proceeding is based. The right to take private
property for this public use is asserted under the power of em-
inent domain. Such power is an attribute of sovereignty.
From the very nature of society and organized government it
must belong to the state. It exists independent of constitu-
tional mandate, and it existed prior to constitutions. It lies
dormant, however, in the state until legislative action points
out the occasions, the modes and the agencies for its exercise :
10 Am. & Eng. Ency. of Law (2d ed.) , 1049. It can only be
called into operation by the authority of the legislature, and
must be exercised in the manner, by the tribunal, and with

the limitations provided by law : City of Madison v. Daley,
58 Fed. Repr. 751. This rule has long been recognized in our
state. It therefore becomes necessary for any corporation,
public or private, or individual claiming thereunder, asserting
title under the power of eminent domain, to point to the pro-
visions of the act of assembly under which the power is as-
serted. The grantee takes what the act gives, and no more.
If the act gives an absolute estate, and compensation is pro-
vided on this basis the whole title may be acquired. If it
only gives the right to use and occupy, the grantee only takes
a conditional fee or easement, terminable on the abandonment
of the use for which the land was appropriated. The appropri-
ation of land under the power of eminent domain does not
give a fee simple estate therein. in the absence of express
statutory language to that effect, but only a right to use and
occupy the land for the purpose for which it is taken : Pitts-
burg, etc., Railroad Company v. Bruce, 102 Pa. 23 ; Lance's
Appeal, 55 Pa. 16 ; Pennsylvania Schuylkill Valley R. R.
Company v. Paper Mills, 149 Pa. 18. The exercise of the right
of eminent domain, whether directly by the state, or its author-
ized grantee, is necessarily in derogation of private right, and
the rule is that such authority must be strictly construed:
Dwarris on Statutes, 750 ; Mayor, etc., of Allegheny v. O. & P.
Railroad Company, 26 Pa. 355 ; Commonwealth v. Erie and
Northeast Railroad Company, 27 Pa. 339.

Applying these well-recognized rules to the case at bar, it is
clear the school district of Hanover township only acquired the
right to use and occupy the land in dispute for school purposes.
The damages assessed by the viewers and paid by the school
district to the landowner were based not on the value of the
absolute fee in the land, but on the right to use and occupy
the same for school purposes. In some of our cases this right
has been called an easement, in others the suggestion has been
made that it is a base or conditional fee, but whatever kind
of right, estate or easement the school district acquired, ter-
minated when it ceased to use it for the purpose for which
the land was appropriated, and the title reverted to the orig-
inal owner or those who hold under him. The appellees in
this case represent that title, and are entitled to repossess
themselves of the land described in the writ of ejectment.

In this case it is not necessary to consider what constitutes an abandonment, as it is conceded the school district has ceased to use and occupy the land. Nor is it necessary to discuss whether the land so appropriated might be used for other kindred public purposes. The question does not arise under the facts of this case.

All of the remaining questions were properly disposed of by the court below.

Judgment affirmed.