## Spring Garden Township School District v. Shimmel-Binder, Inc.

*Walter I. Anderson* and *Spencer R. Liverant,* for plaintiff.

*Carl R. May,* for defendant.

SHERWOOD, J., October 23, 1937.—This matter is before the court in the form of a case stated. The question to be decided, broadly put, is whether or not the Act of Assembly of the Commonwealth of Pennsylvania, approved July 2, 1937, P. L. 2793, provides a constitutional method of divesting the interest or estate of the heirs of Mary Ann Gotwalt, Eliza Greiman, Amanda Williams, Charlotte H. Moore, Edward Gotwalt and Mary C. Gotwalt. The interest of the heirs in question arises out of the fact that on February 19, 1872, plaintiff in this action acquired the land, fully described in the case stated, for

school purposes under and by virtue of the eminent domain statute of April 9, 1867, P. L. 51. Under that statute, all that the school district then acquired was the right to use the land for school purposes, and when this use and occupation ceases, the title reverts to the original owner or those who hold under him: Lazarus v. Morris, 212 Pa. 128.

Under the School Code of May 18, 1911, P. L. 309, sec. 607, this situation has been corrected by providing that "title . . . acquired by any school district . . . shall be vested in such school district in fee simple", but that act, of course, does not correct situations existing where the actual taking had preceded the Act of 1911. To remedy this situation the Act of 1937, supra, was passed, whereby the school district can acquire a fee simple title by acquiring the possibility of reversion.

Defendant's contention is that although the remedy provided by the act is adequate and the parties are allowed to pursue it, it is unconstitutional to limit the period in which parties shall resort to it, and to provide that, unless the parties shall take proceedings for the assessment of damages within a specified time, all rights thereto shall be barred; and, secondly, that the act does not specifically make the compensation payable by the school district appropriating the interest by eminent domain proceedings.

Section 3 of the act provides, that any person claiming reversionary or other interest in and to such property, or any part thereof, may within six years of the date of such vesting of title in fee simple in the municipality, petition the court of common pleas for the appointment of a board of view who shall proceed in accordance with the provisions of the act to award to such petitioner his or their proportionate parts or shares of the value of the interest taken. Provision is made in this act by which a party claiming a reversionary interest can obtain compensation through an impartial tribunal for assessing it, to wit, a board of view. The rule laid down in 2 Cooley's Constitutional Limitations (8th ed.), p. 1204, is:

"It is essential, however, that the remedy be one to which the party can resort on his own motion; if the provision be such that only the public authorities appropriating the land are authorized to take proceedings for the assessment, it must be held to be void. But if the remedy is adequate, and the party is allowed to pursue it, it is not unconstitutional to limit the period in which he shall resort to it, and to provide that, unless he shall take proceedings for the assessment of damages within a specified time, all right thereto shall be barred."

This is what the legislature did in passing the Act of 1937. The act is not unconstitutional for the first reason alleged.

As to the second reason, it is true that the act does not specifically make the compensation payable by the school district. Such a conclusion must of necessity follow a reasonable construction of the act. If the school district takes the property and provision is made for compensation, it is obvious that that compensation is payable by the school district. This conclusion is borne out by the provision in the act which vests in the claimant or other person in interest or the municipality the right to file exceptions or to appeal from the award of the board of viewers. We see no reason for declaring the act unconstitutional for the second reason alleged.

In the case stated, it is admitted that the school district complied with all the requirements of the Act of 1937. It follows that title in fee simple vests in plaintiff, and defendant is bound under the terms of its contract to purchase.

And now, October 23, 1937, in accordance with the agreement of the parties in the case stated, the court sustaining the constitutionality of the Act of July 2, 1937, P. L. 2793, judgment is entered in favor of plaintiff, School District of the Township of Spring Garden, York County, Pennsylvania, and against defendant, Shimmel-Binder, Inc., for the sum of $1,327.50, with costs of suit, and an exception is granted to each of the parties to the action of the court in this regard.