William G. Avery, et ux., Elizabeth Maloney, et al., Nellie M. Storch, et al. v. Commonwealth of Pennsylvania.

Argued March 3, 1971, before President Judge BOW-MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

*James W. Cullen,* for appellants.

*Donald Reuter,* Special Counsel, with him *Fred Speaker,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 23, 1971:

This is an appeal from the order of the Court of Common Pleas of Bradford County, dismissing the preliminary objections of the appellants to the eminent domain declarations of taking by the Department of Forests and Waters for a State Park under Project 70, 72 P.S. §3946. The court below joined the three for hearing and argument. We affirm.

Appellants, aside from asserting procedural irregularities with which we will deal later, have raised two questions concerning the power of the Department to condemn this land. First, they contend that the Act of May 20, 1921, as amended by the Act of July 16, 1935 (26 P.S. 261) only permits the Department to condemn land which it has attempted to purchase unsuccessfully and since the Department did not negotiate with appellants, it may not condemn. Section 261 of the Act of May 20, 1921, which granted the power of eminent domain to the Department reads in part: "Whenever the Department of Forests and Waters . . . desires to acquire land, suitable and desirable for state forest purposes, for state park purposes, . . . and a price for such lands cannot be agreed upon with the owner . . . the Department . . . is authorized to acquire said respective classes of land by condemnation." This section clearly spells out the conditions precedent to the Department's power of condemnation under that Act.

Project 70, Act of June 22, 1964, P. L. 131, No. 8, §17, 72 P.S. 3946.17, has further provided for acquisition of lands by the Department of Forests and Waters: "Land to be acquired by the Commonwealth for recreation, conservation or historical purposes in any county, shall be approved by the Department of Forests and

Waters and acquired by purchase agreement or by eminent domain proceedings in the manner provided by applicable provisions of law which may govern land acquisitions by the Department of Forests and Waters." Appellants argue that negotiation is required in that the "manner provided by applicable provisions of law" refers in part to Section 261 and thus limits the right to condemn under Project 70. We do not agree. Neither do we agree with the court below that Project 70 impliedly repealed the negotiation requirement of Section 261. Upon careful analysis we conclude that these sections can and must be read in consistence with each other.

The clause in Section 261 "and a price for such lands cannot be agreed upon with the owner" provided a condition to the power granted by that section, not the "manner" in which the "eminent domain *proceedings*" were to be held. Therefore, that clause is not intended to limit acquisition under Project 70 where the Legislature for the limited purpose of acquisitions under that Project provided the Department with the choice to purchase or condemn. Section 261, instead of being impliedly repealed, limits the power of the Department to condemn for purposes not governed by Project 70. It was therefore proper for the court below to dismiss the preliminary objection. The failure to negotiate contention is without merit. See also, *Pittsburgh School District Condemnation Case*, 430 Pa. 566, 573, 244 A. 2d 42, 45 (1968).[1]

Secondly, the appellants have contended that the Department has failed to *prove* the need to acquire recreational land in Bradford County under 2(6) of

----

[1.]Even if the requirement to negotiate is considered a "manner" of procedure, the *Pittsburgh* case held that under the Eminent Domain Code, Act of June 22, 1964, P. L. 84, Art. IV, §402, 26 P.S. §1-402, an effort to negotiate is no longer necessary.

Project 70. 72 P.S. 3946.2(6). That subsection contains a legislative determination and finding that there is a need to acquire lands in counties "where public ownership of land for recreational purposes is less than ten percent of the total land area or where there is an urban area of more than twenty-five thousand persons." Section 3(5), 72 P.S. 3946.3(5) defines the acquisition county as one in which that situation exists. Moreover, it specifically lists Bradford County as an acquisition county. This in itself demonstrates the legislative determination of need to acquire recreational land in that county. The argument calling for the *proof* of need is likewise without merit and the preliminary objection was properly dismissed.

Finally, appellants have challenged some procedural irregularities arising from the takings. Specifically, (1) the notice of hearings on the project failed to state that some of the land to be taken (less than 10 percent) was located in townships other than the township mentioned in the notice, and (2) that oral as opposed to written, dated approval was given the project by the Secretary of the Department.

While condemnation proceedings affect the rights of individual citizens to use and enjoy their land, and must, therefore, be strictly construed, *Lazarus v. Morris*, 212 Pa. 128, 61 A. 815 (1905); *Nichols on Eminent Domain*, Vol. 1, §3.213(1)(3)(3rd ed. 1950), the doctrine of strict construction has been used to guard against *unauthorized use* or *extension* of the power to condemn. We know of no constitutional or legal mandate which requires us to apply the standard of strict construction to *nonprejudicial* irregularities in the procedural aspects of condemnation. The court below has held that the Department substantially complied with all notice and authorization procedures and that appellants were not prejudiced by any irregularities. We

agree. Appellants attended the hearings and were fully aware of the Department's intentions with respect to their properties. They were never misled as to the authority or finality of the steps being taken by the Department. This afterthought is mere makeweight. We therefore affirm the dismissal of these preliminary objections by the court below.

Affirmed.