Joseph Kinstler, i/a/t/a Integrity Dental Lab, Appellant, *v.* Redevelopment Authority of the City of Philadelphia, Appellee.

Argued April 3, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Lewis Kates,* with him *Joseph R. Livesey and Kates, Livesey & Edelstein,* for appellant.

*Richard D. Malmed,* with him *James D. Crawford,* for appellee.

OPINION BY JUDGE KRAMER, June 3, 1974:

This is an appeal filed by Joseph Kinstler, i/a/t/a Integrity Dental Lab (Kinstler) from an order of the Court of Common Pleas of Philadelphia County dismissing and quashing Kinstler's petition for the appointment of a board of view, and also vacating an order dated November 14, 1972, appointing a board of view, all without prejudice to either party to pursue their remedies under the Eminent Domain Code (Code), Act of June 22, 1964, Sp. Sess., P. L. 84, §101 et seq., *as amended,* 26 P.S. §1-101 et seq.

This case had its genesis on November 8, 1972, when Kinstler filed a petition for the appointment of a board

of view pursuant to Section 502(e) of the Code, 26 P.S. §1-502(e). In the petition, Kinstler alleged that the Redevelopment Authority of the City of Philadelphia (Redevelopment Authority) had caused him to become "a displaced person" because on or about May 1, 1972, the Redevelopment Authority: (1) had publicly announced the commencement of condemnation studies; (2) had selected a developer for the area in which Kinstler's landlord's property was situated; and (3) had advised Kinstler that the premises in which his business existed were subject to the condemnation. It is also important to note that although Kinstler's petition stated that he was an "occupant" of the premises, there is no allegation that he had suffered any damage to the date of the filing of the petition.

There is nothing in the record of this case to show that the Redevelopment Authority was ever served notice of the filing of Kinstler's petition. Six days after the petition was filed, on November 14, 1972, the court below appointed a board of view to determine just compensation. Once again, there is nothing in the record, except for an admission contained in the preliminary objections filed by the Redevelopment Authority on May 14, 1973, showing proof of service or publication of the order appointing the board of view. Those preliminary objections were based upon: (1) an allegation of the failure of Kinstler to serve the required notice on the Redevelopment Authority; (2) a demurrer based upon an allegation that Kinstler had not alleged a compensable injury in view of his admission that he was still a tenant in full occupancy of the premises; and (3) that Kinstler was not entitled to any relief for the reason that at the time of the filing of the Kinstler petition, there had not been a condemnation and, to the contrary, a declaration of taking was filed on April 26, 1973, by the Redevelopment Authority. Kinstler filed an answer to those preliminary objections, and the low-

er court, without hearing, entered the order of June 18, 1973, from which this appeal was taken on July 11, 1973. Thereafter, the court filed a memorandum opinion dated October 2, 1973.

The real issue presented to us is whether a condemnor may file preliminary objections to a petition for the appointment of viewers filed by the condemnee alleging a de facto condemnation pursuant to Section 502(e) of the Code six months after the filing of said petition and the appointment of a board of view by the court where the record does not disclose any proof of service of notice upon the condemnor of either the filing of the petition or the appointment of a board of view. In addition, we are also confronted with the issue of whether the court below may sustain the preliminary objections of the condemnor based upon a demurrer, and thereby dismiss the condemnee's petition under the facts of this case.

Section 502(e), 26 P.S. §1-502(e) reads as follows: "If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers substantially in the form provided for in subsection (a) of this section, setting forth such injury." There can be no question that a tenant, such as Kinstler, under the provisions of Section 201(8) of the Code, 26 P.S. §1-201(8) may file a petition for the appointment of a board of view, but he must allege injury. Kinstler's petition alleges the possibility of injury, but does not disclose any injury to the date of the filing of the petition. We conclude, therefore, that Kinstler has failed to bring himself within the provisions of Section 502(e).

Kinstler argues, however, that the Redevelopment Authority was precluded from filing preliminary objections contesting his right to damages because the Redevelopment Authority did not file its preliminary objec-

tions within 20 days after receipt of notice of the appointment of viewers. Kinstler's contention in this regard must fail because there is nothing in this record to indicate that any notice was ever sent to the Redevelopment Authority. It is alleged in the brief that the Redevelopment Authority received notice of the appointment of the board of viewers and the record contains a copy of the board's notice of its appointment, but there is no proof in the record that even this notice was ever published or served on the Redevelopment Authority. Recognizing this hiatus, Kinstler next argues that the Redevelopment Authority admits receipt of notice of the appointment of the board of view in its preliminary objections. This contention of Kinstler is likewise without merit for the reason that the statute mandates that notice be served upon the Redevelopment Authority. Section 502(f), 26 P.S. §1-502(f) states: "A copy of any petition for the appointment of viewers filed by a condemnee shall be sent promptly by registered or certified mail, return receipt requested, to the adverse party." This was not done.

Next Kinstler states that Section 504 controls the situation. Section 504, 26 P.S. §1-504 in pertinent part states:

"Upon the filing of a petition for the appointment of viewers, the court, unless preliminary objections to the validity of the condemnation or jurisdiction, warranting delay, are pending, shall promptly appoint three viewers, who shall view the premises, hold hearings, and file a report. The prothonotary shall promptly notify the viewers of their appointment unless a local rule provides another method of notification.

"The viewers shall promptly give written notice by registered or certified mail, return receipt requested, of their appointment to all persons named as condemnors or condemnees in the petition for the appointment of viewers and of the place and time of the view, which

shall not be less than twenty days from the date of said notice.

. . . .

"Any objection to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days *after receipt of notice* of the appointment of viewers. Objections to the form of the petition or the appointment or the qualification of the viewers are waived unless included in preliminary objections. The court shall determine promptly all preliminary objections and make such orders and decrees as justice shall require. If an issue of fact is raised, evidence shall be taken by deposition or otherwise as the court shall direct." (Emphasis added.)

Once again the statute mandates the type of notice which must be given, and this record fails to disclose any such notice. Although the observation of the parties to this suit is quite correct that the statute does not specifically provide for the filing of preliminary objections before the prompt appointment of the board of view in such a case, a careful reading of Sections 502 and 504 of the Eminent Domain Code permits us to conclude that the statute provides an opportunity on the part of the condemnor to file preliminary objections within 20 days after receipt of notice of either the petition seeking the appointment or the order making such appointment. We hold that somewhere in the record there must be proof of service of notice of either the petition or the order appointing the board sent promptly by registered or certified mail, return receipt requested, to the condemnor. As we have stated before, the record before us fails to include any such proof of service.

Kinstler argues that there is no specific provision for the filing of an affidavit of service in the Eminent Domain Code. Although Kinstler is quite correct in his observation, once a statute mandates a specific kind

of service of notice, we cannot ignore the failure of the condemnee to prove somewhere in the record that he has met his burden of fulfilling the statutory mandate. Kinstler also states that the order appointing the board of view was published in the legal newspaper in Philadelphia County, but here again, there is nothing in this record before us to prove even that publication. Until proof of the serving of notice, as mandated, was established on the record, the petition for the appointment of view and the order appointing the board of view had no legal effect. If we were to rule otherwise, then a condemnee such as Kinstler could move ahead in a condemnation proceeding in an ex parte fashion without the condemnor ever having knowledge of the existence of the proceeding. This certainly was never intended by the Legislature. Kinstler could have cured these defects by merely serving notice as required by the statute and filing his proof of service. This he did not do.

We do not have before us the declaration of taking filed by the Redevelopment Authority which has been represented to this Court as covering the premises of Kinstler's landlord. If we assume that the declaration does cover this premises, then of course it is the effective condemnation under which Kinstler must make his claim for damages. If the declaration of the Redevelopment Authority does not cover the premises of Kinstler's landlord, then Kinstler may properly proceed under Section 502(e) of the Code, 26 P.S. §1-502(e).

Therefore, we must affirm the order of the court below.