In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Highways, of Right of Way for Legislative Route 1016, Section 13. Raymond E. Buerkle, Appellant.

Argued December 7, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*John B. Nicklas,* of *McCrady, Nicklas & McCrady,* for appellant.

*David Ward Murphy,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney. General, for appellee.

OPINION BY JUDGE MACPHAIL, March 4, 1980:

Raymond E. Buerkle (Appellant) has filed this appeal from an order of the Court of Common Pleas of Allegheny County that denied Appellant's petition to strike the awards of viewers in a condemnation proceeding by the Department of Highways (Commonwealth) of a right of way for Legislative Route 1016. We affirm.

The procedural history of this case is tortuous, but essential to a clear understanding of our holding. Therefore, it will be given in some detail.

The Commonwealth filed a Certificate of Taking on November 17, 1966. On January 23, 1968, Appellant filed a petition for the appointment of viewers, which was granted. Appellant was represented by counsel at that time.

It is significant to note that on April 22, 1968 the Board of View (Board) gave notice as required by Section 505 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-505,[1] by certified mail to Appellant's coun-

---

[1] Section 505 of the Act provides as follows:

Notice of the view and hearing shall be served, within or without the Commonwealth, by any competent adult in the same manner as a writ of summons in assumpsit, or by

sel that the premises would be viewed on May 22, 1968. On May 2, 1968, Appellant filed a petition to withdraw the funds that had been deposited with the court as estimated just compensation. The court ordered a hearing on that petition for May 24, 1968; that hearing was continued at the request of Appellant's counsel.

On May 22, the view of the premises was conducted and on May 28, 1968, the Commonwealth filed a petition to amend its declaration of taking which petition was granted. On May 31, 1968, the court ordered the Commonwealth to make payment to the Appellant of the amount it had estimated for just compensation.

On February 17, 1969, leave to withdraw was granted to Appellant's original counsel. Appellant refused to accept the check issued to him as a result of the court's order of May 31, 1968 and his new counsel, therefore, sought to deposit the funds with the court, leave for which was granted.

As has been stated, the premises were viewed on May 22, 1968. A viewer's hearing was fixed for October 8, 1969. Notice of that hearing was sent by ordinary mail to the Appellant because notices sent to the Appellant on other matters in the proceedings, which we have detailed above, were returned marked "refused." Notices sent by ordinary mail were acknowledged by Appellant. At Appellant's request, a postponement of that hearing was granted and a new date

---

certified or registered mail, return receipt requested, to the last known address of the condemnee and condemnor. If service cannot be made in the manner so provided, then service shall be made by posting a copy of the notice upon a public part of the property and by publication, at the cost of the condemnor, once in a newspaper of general circulation and once in the legal publication, if any, designated by rule or order of court for publication of legal notices, published in the county. Proof of service and the manner of same shall be attached to the viewers' report.

fixed. In response to notice of the new date, Appellant demanded a $10,000 "fee" to cover expenses for himself and his witnesses to attend the hearing. This was necessary, he stated, because he resides in Florida and had traveled to Pittsburgh on or about May 22, 1968 for the first Board hearing, which had been continued. He stated that he did not intend to leave Florida for another hearing unless he received reimbursement for expenses. Again the hearing was postponed and a communication was sent by the Board to Appellant giving him a choice of dates for a hearing. Appellant responded by saying that none of the dates were satisfactory and renewed his demand for a fee to attend the hearing.

Finally, the Board scheduled a hearing for January 25, 1971, notice of which was given to Appellant by ordinary mail because Appellant refused all mail sent to him in any other fashion. The Board held that hearing as scheduled. The Appellant did not attend nor was he represented by counsel. Following the hearing, the Board made its award, notice of which was sent by certified mail to Appellant on February 17, 1971. That notice was returned as "refused." On March 8, 1971, the Commonwealth informed the Appellant via regular mail that no appeal from the Board's award would be filed by the Commonwealth.

On October 9, *1975,* Appellant petitioned the trial court to set aside the award made by the Board on the basis that he had not received "due and proper" notice of the January 25, 1971 hearing. It is from a denial of that petition that this appeal has been taken.

Appellant argues before this Court that (1) the trial court erred in holding that the notice requirement of Section 505 of the Code is directory rather than mandatory and (2) the trial court erred in entertaining the Commonwealth defenses of laches and estoppel.

The trial court found that Appellant had actual notice of the January 25, 1971 hearing. However, it is admitted that notice of the hearing was not served personally upon the Appellant nor was it served by certified or registered mail, nor by advertising as required by Section 505. Appellant's carefully phrased petition does not contend that he received *no* notice, only that he did not receive "due and proper" notice. Thus, the issue now before us is whether the provisions of Section 505 are mandatory or, in circumstances where the condemnee has *actual* notice of the hearing, will render strict compliance with Section 505 unnecessary. The trial court held that Section 505 was directory and, as we have noted, found that the condemnee had actual notice of the hearing and held that was all that the law required.

Appellant relies upon our opinion in *Kinstler v. Redevelopment Authority of Philadelphia*, 13 Pa. Commonwealth Ct. 281, 320 A.2d 396 (1974), to sustain his position that the failure of the Commonwealth to comply with the provisions of Section 505 is fatal to the instant proceedings. In *Kinstler*, our Court held that where the record in an eminent domain proceedings involving a de facto taking failed to show that the condemnee had caused notice of his petition for the appointment of viewers to be served upon the condemnor as required by Section 502(f) of the Code, the condemnor could not be precluded from filing preliminary objections to the appointment of viewers beyond the time normally allowed for such objections. Our Court held that until the service of notice was established, the petition for the appointment of a Board of View and the order appointing the Board of View had no legal effect. But the late Judge KRAMER also stated:

If we were to rule otherwise, then a condemnee such as Kinstler could move ahead in a condem-

nation proceeding in an ex parte fashion *without the condemnor ever having knowledge of the existence of the proceeding.* (Emphasis added.)
13 Pa. Commonwealth Ct. at 287, 320 A.2d at 399.

The obvious purpose of any "notice" statute is to provide the party having the duty to defend with a fair opportunity to do so. The record in the instant case puts the parties in this posture: the Commonwealth did not comply with the provisions of Section 505 of the Code because experience had shown that registered or certified mail would not reach the Appellant simply because he would not accept it; yet the Appellant did receive actual notice of the hearing by ordinary mail, but refused to attend the hearing unless certain financial conditions were met, none of which he was entitled to demand. It is not clear in the *Kinstler* case that the condemnor had actual notice of the filing of the petition within the time normally allowed for the filing of objections. Therefore, we do not feel bound by its holding in the instant case.

In *Avery v. Commonwealth of Pennsylvania,* 2 Pa. Commonwealth Ct. 105, 109, 276 A.2d 843, 845 (1971), Judge CRUMLISH wrote:

We know of no constitutional or legal mandate which requires us to apply the standard of strict construction to *nonprejudicial* irregularities in the procedural aspects of condemnation. (Emphasis in the original.)

Inasmuch as Appellant here had notice of the hearing and of the results of that hearing and failed to take *any* action with respect thereto for more than four years thereafter, we hold that in the circumstances of this case, the failure of the Commonwealth to comply with the provisions of Section 505 of the Code is not fatal to the eminent domain proceedings.

Accordingly, we will affirm the order of the trial court.

## ORDER

AND NOW, this 4th day of March, 1980, the order of the Court of Common Pleas of Allegheny County, Civil Division, dated May 17, 1979, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.

Judge DiSALLE did not participate in the decision in this case.