In Re: Condemnation of Permanent and Temporary Rights-of-Way and Easements Over, Across and Under Lands of Jere E. Perry and Mary E. Perry, His Wife, In Greene Township, Franklin County, Pennsylvania. Jere E. Perry and Mary E. Perry, His Wife, Appellants.

Argued May 9, 1983, before Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

344

*Eileen F. Schoenfen*, with her *Thomas J. Finucane, Wingerd & Long*, for appellants.

*Rudolf M. Wertime, Wertime, Guyer & Gingrich*, for appellee.

OPINION BY JUDGE BLATT, July 1, 1983:

Jere E. and Mary E. Perry, husband and wife, (appellants) appeal an order of the Court of Common Pleas of Franklin County which overruled their preliminary objections to a declaration of taking filed by the Guilford Water Authority (Authority) which sought to locate a sixteen-inch water line on the appellants' property.

The first argument raised by the appellants is that an eminent domain declaration of taking is not lawful where just compensation is not *offered* on or prior to the date of condemnation. The Authority, however, brings to our attention Article X, Section 4 of the Constitution of Pennsylvania which provides as follows:

> Municipal and other corporations invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements and compensation shall be *paid or secured* before the taking, injury or destruction. (Emphasis added.)

Here, it is uncontested that the Authority filed, along with the declaration of taking, a bond[1] in the amount of $12,000[2] to secure the taking and to cover any damages as shall be determined by law payable to the appellants. Inasmuch as Article X, Section 4 requires only payment *or* security before the taking, and because this taking has been so secured, we believe that the appellants' argument must fail.

The appellants argue next that the notice (by certified mail) of the condemnation which they received was defective because the separate notice addressed to the husband was signed for and accepted only by his wife. In *Avery v. Commonwealth*, 2 Pa. Commonwealth Ct. 105, 109-110, 276 A.2d 843, 845 (1971) we stated that:

> While condemnation proceedings affect the rights of individual citizens to use and enjoy their land, and must, therefore, be strictly construed, Lazarus v. Morris, 212 Pa. 128, 61 A. 815 (1905); Nichols on Eminent Domain, Vol. 1, §3.213(1)(3) (3rd ed. 1950), the doctrine of strict construction has been used to guard against *unauthorized use* or *extension* of the power to condemn. We know of no constitutional or legal mandate which requires us to apply the standard of strict construction to *non-prejudicial* irregularities in the procedural aspects of condemnation. The court below has held that the Department substantially com-

---

[1] This security bond is required not only by Article X, Section 4 of our Constitution, but also by Section 403(a) of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended,* 26 P.S. §1-403(a).

[2] We note that the appellants do not challenge the *sufficiency* of this $12,000 bond. Rather, they contend that the Authority must *offer* them just compensation, not just *secure* it, before the condemnation occurs.

> plied with all notice and authorization procedures and that the appellants were not prejudiced by any irregularities. We agree. Appellants ... were fully aware of the Department's intentions with respect to their properties. They were never misled as to the authority or finality of the steps being taken by the Department. This afterthought is mere makeweight. (Emphasis in original.)

For the same reasons in the instant matter, we find that the alleged notice irregularities were nonprejudicial to the appellants and will not serve as basis to upset the declaration of taking.

Finally, the appellants argue that the declaration of taking was invalid because the Authority's approved minutes of the meeting at which the condemnation was authorized refer to the adoption of an attached resolution which was allegedly not so attached. Again, we find this alleged irregularity, *Avery*, to be harmless error. It did not mislead or prejudice the appellants for it is clear that they had the minutes in the minutes book available to them for inspection, and they admit in their brief that the resolution was located a few pages later in the minutes book.

For the foregoing reasons we, therefore, will affirm the order of the court of common pleas.

### Order

AND, Now, this 1st day of July, 1983, the order of the Court of Common Pleas of Franklin County in the above-captioned matter is hereby affirmed.