### City of Pittsburgh, Appellant *v.* Clara Haffner et al., Appellees.

Argued October 6, 1983, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

54

*Grace S. Harris,* Assistant City Solicitor, with her *D. R. Pellegrini,* City Solicitor, for appellant.

*Samuel P. Kamin,* for appellees.

OPINION BY JUDGE BARRY, January 30, 1984:

This is an appeal from an order of the Court of Common Pleas of Allegheny County, dismissing preliminary objections filed by appellant, the City of Pittsburgh (City) to a petition for appointment of viewers (Petition). Appellees, Clara Haffner, Betty Rosenfield, Pittsburgh National Bank, Trustee for Betty Rosenfield, William Perer and Howard Perer filed this Petition on November 22, 1978, seeking damages because of an alleged de facto taking by the City.

The trial court on November 22, 1978, appointed a Board of View (Board) under Section 502 of the Eminent Domain Code (Code).[1] On January 18, 1979, the City was served and received a copy of the Petition. On that same day, an affidavit of service and acceptance of service by the City were filed.

On July 11, 1979, approximately 174 days after the affidavit of service and the acceptance of service by the City were filed, the City filed preliminary objections. Nine days later the appellees filed a petition to quash the City's preliminary objections.

On March 11, 1982, the Court ordered a hearing on appellees' petition to quash. Not long thereafter, the Deputy Director of the City's Department of Parks

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101.

and Recreation, filed an affidavit indicating that a non-public body was responsible for the conduct attributed to the City in the appellees' Petition.

On July 15, 1982, the Court dismissed the appellants' preliminary objections as having been untimely filed under the provisions of Section 504 of the Code. This appeal is from that order.[2]

The City argues that it did not receive due notice of the appointment of the Board as required by the Code. Section 504 of this Code provides:

Upon the filing of a petition for appointment of viewers, the Court . . . shall promptly appoint three viewers, who shall view the premises, hold hearings, and file a report. . . . The prothonotary shall promptly notify the viewers of their appointment unless a local rule provides another method of notification.

The viewers shall promptly give written notice by registered or certified mail, return receipt requested, of their appointment to all persons named as condemnors or condemnees in the petition for the appointment of viewers and of the place and the time of the view, which shall not be less than twenty days from the date of said notice.

. . . .

Any objection to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after receipt of the notice of the appointment of viewers. . . .

---

[2] An order dismissing preliminary objections to a petition for Appointment of Viewers alleging a de facto taking is a final and appealable order. *Harborcreek Township v. Ring*, 48 Pa. Commonwealth Ct. 542, 410 A.2d 917 (1980); *Sunbeam Coal Corp. v. Commonwealth of Pennsylvania Game Commission*, 37 Pa. Commonwealth Ct. 469, 391 A.2d 29 (1978).

If the City received due notice under the statute, then the order dismissing the City's preliminary objections must be affirmed. If the City did not receive due notice, the matter must be remanded for consideration of those preliminary objections.

The appellees advance a number of arguments supporting their contention that the City received proper notice. They maintain that the trial court correctly dismissed the appellants' preliminary objections as having been untimely filed under Section 504 of the Code. According to the appellees, Section 504 of the Code should be liberally construed, so that actual notice satisfies the requirements of the statute. The appellees contend that the receipt of a copy of the Petition by the City on January 18, 1979, served by the appellees, put the City on actual notice, which required a more timely filing of the preliminary objections. The appellees cite the cases of *Janeski v. Borough of South Williamsport*, 58 Pa. Commonwealth Ct. 369, 429 A.2d 768 (1981); *Department of Transportation v. Harrisburg Coca-Cola Bottling Co.*, 51 Pa. Commonwealth Ct. 425, 414 A.2d 1097 (1980), for the proposition that preliminary objections to the Petition must not be filed beyond twenty days following notification of the appointment of the viewers.

In our view, a petition for appointment of viewers is a pleading and no obligation to respond to it arises until proper statutory service has been effected. According to the rule of construction in the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(b), "[a]ll provisions of the statute of the classes hereafter enumerated shall be strictly construed: ... (4) Provisions confering the power of eminent domain." We believe that this provision of the statute contemplates all provisions of the Code including the notice provision under Section 504. Therefore, in our opinion, the notice

provision under Section 504 of the Code must be strictly observed.

Under Section 504 of the Code, the viewers "shall", without delay, send written notice by registered or certified mail of their appointment to all condemnors and condemnees. This section, moreover, requires that any objection to the appointment of viewers may be raised by objections filed no more than twenty days following the receipt of notice of the appointment of viewers. The provisions in Section 504 regarding notice are imperative, since the word "shall" in a statute is normally regarded as mandatory. *In the Matter of Columbia Borough,* 24 Pa. Commonwealth Ct. 190, 354 A.2d 277 (1976).

Further evidence supports the notion that the Legislature intended only one exclusive means of notice of appointment of a Board under Section 504 of the Code. Section 405(b) of the Code as well as Section 505 articulate a more flexible means of serving notice than does Section 504. Both Section 405(b) which provides notice to a condemnee, and Section 505 which provides service of notice of view and hearing, permit alternative methods of notice. Section 504, however, contains no option, thereby leaving this Court to infer that the manner of notice set forth in Section 504 is exclusive. Appellees argue that according to *Avery v. Commonwealth,* 2 Pa. Commonwealth Ct. 105, 276 A.2d 843 (1971), they have substantially complied with the procedural requirements of notice and that the appellants were not prejudiced by any irregularities in the procedural aspects of the condemnation. A close reading, however, of *Avery* indicates that it did not involve failure to notify but alleged inadequacies in the notice, which are not relevant here.

Appellees further maintain that in *Buerkle Appeal,* 49 Pa. Commonwealth Ct. 585, 412 A.2d 658 (1958), the condemnee received the notice of hearing

by ordinary mail, which did not comply with the statutory requirement of Section 505, but did satisfy requirements of actual notice considering the circumstances of that case. Again, this case can be distinguished from the one at bar since our case deals with Section 504 and not Section 505 of the Code. Finally, the Court found adequate actual notice in the *Buerkle Appeal* peculiar only to the circumstances of that case. Appellees also advance the argument that the case of *Appeal of Perry*, 75 Pa. Commonwealth Ct. 343, 461 A.2d 916 (1983), applies to this case. In *Perry*, a water authority filed a declaration of taking which sought to locate a sixteen inch water line on the property owned by Jere Perry and his wife. The Perrys filed preliminary objections to the declaration of taking which the Court of Common Pleas of Franklin County overruled. The Perrys argued that notice by certified mail of the condemnation was defective because a separate notice addressed to the husband was signed for and accepted only by the wife. This Court did not agree with this contention citing *Avery* and holding that the alleged irregularities of notice were not prejudicial to the Perrys and would not serve as a basis to upset the declaration of taking. We cannot agree that *Perry* applies to the present case. In the first instance, *Perry* does not deal with Section 504 of the Code which applies here, and *Perry*, furthermore, involves notice of a condemnation whereas this case involves notice of an Appointment of Viewers, which we believe is a pleading.

In our judgment, *Kinstler v. Redevelopment Authority of the City of Philadelphia*, 13 Pa. Commonwealth Ct. 281, 320 A.2d 396 (1974) controls in this case. In *Kinstler*, the condemnee argued that the Redevelopment Authority was precluded from filing preliminary objections since it did not file the preliminary objections within twenty days after receipt of

notice of the appointment of viewers. The contention of the condemnees in that case was rejected because nothing in the record indicated that any notice of the appointment of viewers had ever been sent to the Redevelopment Authority. This Court even stated that the fact that the condemning authority admitted receiving notice of appointment of a Board of View did not cure the deficiency in the record caused by lack of proof that the condemnee had served such notice upon the condemnor.

This Court has often held that where a party has filed preliminary objections to the appointment of viewers, the trial court may not dismiss those objections without first conducting an evidentiary hearing to determine whether there has been a de facto taking. *Appeal of Conway*, 60 Pa. Commonwealth Ct. 520, 432 A.2d 276 (1981); *Greger v. Campton Township*, 25 Pa. Commonwealth Ct. 279, 360 A.2d 792 (1976). We have also held that preliminary objections are the exclusive method under the Code of raising legal and factual objections to a Petition where the Petition alleges a de facto taking. *City of Philadelphia v. Airportels, Inc.*, 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974). The trial court must therefore resolve the issue of whether there has been a de facto taking.

For the reasons set forth herein, the order of the trial court is reversed and remanded for reconsideration of the preliminary objections not inconsistent with this opinion.

Jurisdiction relinquished.

ORDER

AND Now, January 30, 1984, the order of the Court of Common Pleas of Allegheny County, dated July 15, 1982, and No. GD78-27758 is hereby reversed and the case is remanded for reconsideration of the preliminary objection not inconsistent with this opinion.

Jurisdiction relinquished.