512 A.2d 79

In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Outdoor Advertising Device in an Area Adjacent to Legislative Route 68, in the Township of Salem. William W. Saul, Appellant.

Argued March 13, 1986, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*William R. Saul,* for appellant.

*Walter F. Cameron, Jr.,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE KALISH, July 7, 1986:

William W. Saul (Condemnee) appeals a decision of the Court of Common Pleas of Westmoreland County which confirmed a Board of Viewers report, and which decision limited the scope of the Condemnee's appeal to that contemplated by the declaration of taking filed by the Commonwealth of Pennsylvania, Department of

Transportation (DOT). We vacate, and remand to the trial court for damages, if any, to be fixed in connection with the Condemnee's de facto taking.

Condemnee had a leasehold interest in a tract of ground at the intersection of U.S. Route 22 and Township Road No. 802 in Salem Township, Westmoreland County. Situated on this tract were four outdoor advertising signs owned by Condemnee.

On March 19, 1980, DOT, as Condemnor filed a declaration of taking as to one of the signs, at No. 2299 of 1980 in the Court of Common Pleas of Westmoreland County. Condemnee filed preliminary objections to this taking which were dismissed. Condemnee did not appeal the dismissal of the preliminary objections. Thereafter, Condemnee filed a petition for appointment of a Board of Viewers, at No. 2299 of 1980.[1] In that petition he alleged that on or about March, 1976 he had removed three of the signs at the prodding of DOT, and that this resulted in a de facto taking of the three signs. DOT did not file preliminary objections to this petition.

The common pleas court, at No. 2299 of 1980, appointed a Board of Viewers "to determine the damages sustained by William W. Saul as a result of the acts of the Commonwealth of Pennsylvania, Department of Transportation described in the attached Petition. . . ." The Board of Viewers held a hearing but did not consider the de facto allegations concerning the three signs. It simply limited damages to the one sign set forth in the formal declaration of taking.

Upon appeal, the trial court sustained the Board of Viewers, holding that the Condemnee was barred from asserting his de facto claim because he failed to include

---

[1] This petition was filed pursuant to section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e).

these items in his preliminary objections to the declaration of taking. The trial court also held that the Condemnor is not precluded from objecting now to the de facto petition of the Condemnee since it was not given formal notice of the petition by certified mail.

The trial court relied on *Nelis v. Redevelopment Authority of Allegheny County,* 12 Pa. Commonwealth Ct. 338, 315 A.2d 893 (1974) (Nelis II), *Nelis v. Redevelopment Authority of Allegheny County,* 4 Pa. Commonwealth Ct. 533, 287 A.2d 880 (1972) (Nelis I), and *Vercheak v. Redevelopment Authority of Washington County,* 44 Pa. Commonwealth Ct. 481, 405 A.2d 559 (1979). In these cases, this court held that a property owner, not having exercised his right to assert a de facto taking under section 502(e) of the Eminent Domain Code (Code), 26 P.S. §1-502(e), prior to formal condemnation, must exercise that right by way of preliminary objections to a declaration of taking, on penalty of waiver. In other words, a formal declaration of taking precludes the subsequent filing of a petition for the appointment of viewers which alleges a de facto taking under section 502(e) of the Code, 26 P.S. §1-502(e). This holding was based on section 406(a) of the Code, 26 P.S. §1-406(a), which declares that preliminary objections shall be the exclusive method of challenging the power or right to condemn.

In the *Vercheak* case, the court cited section 507 of the Code, 26 P.S. §1-507, as a mandate that condemnee petitioner join in the original formal proceeding and its failure to do so acts as a waiver. Section 507 provides that "the claims of all owners of the condemned property . . . and all others having an interest in the property shall be heard or tried together." This section makes it mandatory to join all who have an interest *in the condemned property.* In this case, joinder was not necessary since the condemned property in the formal decla-

ration was but one sign. *See Porter v. Commonwealth,* 419 Pa. 596, 215 A.2d 646 (1966). But that is not to say that in the present status of the proceeding, at No. 2299 of 1980, that all property involved in the taking, de jure or de facto, should not be considered. Such a procedure facilitates disposition.

The trial court, relying on *Kinstler v. Redevelopment Authority of Philadelphia,* 13 Pa. Commonwealth Ct. 281, 320 A.2d 396 (1974), held that DOT's preliminary objection to the de facto taking may be filed late since there is nowhere in the record proof of service of either the notice of the petition or of the appointment of viewers by registered or certified mail, return receipt requested, to the Condemnor. However, Condemnee contends that DOT did have notice, although not in the precise manner prescribed in the Code. The court indicated in *Kinstler* that the purpose of notice is not to permit a condemnee to "move ahead in a condemnation proceeding in an ex parte fashion without the condemnor ever having knowledge of the existence of the proceeding." *Id.* at 287, 320 A.2d at 399.

In *Avery v. Commonwealth,* 2 Pa. Commonwealth Ct. 105, 276 A.2d 843 (1971), this court, in addressing this issue stated, "We know of no constitutional or legal mandate which requires us to apply the standard of strict construction to *nonprejudicial* irregularities in the procedural aspects of condemnation." *Id.* at 109, 276 A.2d at 845 (emphasis in original).

The record shows that an affidavit of service was filed, wherein it was certified that a copy of the petition for appointment of viewers and the order appointing such viewers was forwarded by first class mail addressed to Edward D. Werblum, Esq., Office of Chief Counsel, Department of Transportation, Harrisburg, PA 17120. Also, a Board of Viewers Notice, fixing a date for a view, was sent to the Department of Transportation, and DOT attended the hearing.

In the instant case DOT was not prejudiced by any irregularities. This was not a case of *failure* to notify, but of alleged inadequacies of strict compliance with the notice requirements.

Notice, of course, is indispensable to due process. That is why strict compliance is usually required. But to require strict compliance, where, as here, notice in fact was given, is to exalt form over substance and ignores the purposes of the requirment. Whatever mechanism is used, it must reasonably be calculated to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306 (1950); *First Pennsylvania Bank, N.A. v. Lancaster County Tax Claim Bureau,* 504 Pa. 179, 470 A.2d 938 (1983).

Not having filed a preliminary objection to the de facto taking, DOT is now precluded from attacking said petition. Preliminary objections are the exclusive method of testing the sufficiency of the allegations in a de facto taking. Section 406 of the Code, 26 P.S. §1-406.

The court was correct in directing the matter to proceed to the Board of Viewers. If DOT believed the court was incorrect, its recourse was to appeal since the appointment of the Board of Viewers was a final order. *Faranda Appeal,* 420 Pa. 295, 216 A.2d 769 (1966); *City of Philadelphia v. Airportels, Inc.,* 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974); *Rawls v. Central Bucks Joint School Building Authority,* 8 Pa. Commonwealth Ct. 491, 303 A.2d 863 (1973). Having failed to raise the issue by way of preliminary objections, DOT must be held to have waived its right to raise these contentions. *Eways Appeal,* 36 Pa. Commonwealth Ct. 394, 388 A.2d 1108 (1978).

Nor can this matter be remanded to the common pleas court with instructions to order the Board of

Viewers to determine whether a de facto taking occurred and if so, to fix damages. A trial court must *first* determine that a de facto taking occurred *before* the matter may proceed to the Board of Viewers. *Monaco v. Department of Transportation,* 26 Pa. Commonwealth Ct. 387, 363 A.2d 857 (1976). Here, the trial court considered Condemnee's petition for appointment of viewers, and appointed a Board of Viewers to determine the damages sustained by Condemnee. Thus, the trial court did in fact first determine that a de facto taking occurred. Moreover, the trial court could have limited the view of the Board, under section 502(d) of the Code, 26 P.S. §1-502(d), but chose not to do so, and appointed a Board to determine the damages for the property described in the petition.

Accordingly, this matter is remanded to the trial court with instructions to order the Board of Viewers to proceed to fix damages, if any, in connection with the de facto taking.

ORDER

Now, July 7, 1986, the order of the Court of Common Pleas of Westmoreland County, No. 2299 of 1980, dated December 7, 1984, is vacated. The record is remanded to the Court of Common Pleas of Westmoreland County with instructions to order the Board of Viewers to fix damages, if necessary, in connection with the de facto taking alleged by William W. Saul.

Jurisdiction relinquished.

Judge PALLADINO dissents.