### *ORDER*

NOW, January 13, 1999, the order of the Workers' Compensation Appeal Board, dated January 28, 1998, at No. A97–0533, is affirmed.

Jeffrey S. Treat, Honesdale, for appellant.

Lee C. Krause, Honesdale, for appellee.

Before FRIEDMAN, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Nan Patterson (Patterson) appeals from an order of the Court of Common Pleas of Wayne County (trial court) which denied Patterson's preliminary objections filed in response to the declaration of taking filed by the County of Wayne (Condemnor). We affirm.

On December 30, 1997, the Condemnor filed a declaration of taking of certain real property owned by Patterson. Notice of the filing of the declaration of taking and the declaration of taking was served on Patterson on January 5, 1998. Included with the declaration of taking was a cover page entitled "NOTICE TO DEFEND AND CLAIM RIGHTS." Three days later, the Condem-

**In re Condemnation of LANDS OF Nan PATTERSON.**

**Nan Patterson, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1998.

Decided Jan. 14, 1999.

nor served on Patterson a second "NOTICE TO DEFEND AND CLAIM RIGHTS" informing her that she had 30 days to take action because the first notice to defend incorrectly stated that she had 20 days to take action.

The "NOTICE TO DEFEND AND CLAIM RIGHTS" contained the following relevant language:

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within thirty (30) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

On January 15, 1998, Patterson filed preliminary objections to the taking, averring that the notice of declaration of taking was fatally defective on its face as it failed to comply with the statutory mandates of §405(c)(12) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1–405(c)(12).

The trial court denied and dismissed Patterson's preliminary objections finding that the information contained in the declaration of taking and the "NOTICE TO DEFEND AND CLAIM RIGHTS" satisfied the requirements of 26 P.S. §1–405. This appeal followed.

■ In eminent domain cases, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *North Penn Water Authority v. Malin,* 168 Pa.Cmwlth. 477, 650 A.2d 1197 (Pa.Cmwlth.1994).

The issue in this case is whether service of the declaration of taking along with the "NOTICE TO DEFEND AND. CLAIM RIGHTS" adequately informed Patterson of the commencement of eminent domain proceedings and of Patterson's rights.

Patterson maintains that the notice sent to her was required to contain the language set forth in 26 P.S. §1–405(c)(12). That language provides:

(c) The notice to be given the condemnee shall state:

. . . .

(12) A statement that if the condemnee wishes to challenge the power or right of the condemnor to appropriate the condemned property, the sufficiency of the security, the procedure followed by the condemnor or the declaration of taking, he shall file preliminary objections within thirty days after being served with notice of condemnation.

■ Here, Patterson maintains that the "NOTICE TO DEFEND AND CLAIM RIGHTS" reflects the language found at Pa. R.C.P. No. 1018.1 rather than the language contained in 26 P.S. §1–405(c)(12). Patterson maintains that the notice to defend language does not equate or otherwise constitute an adequate substitution for the statutory notice requirements of 26 P.S. §1–405(c)(12). Specifically, the notice to defend language did not inform Patterson that in order to challenge the power or right of the condemnor to appropriate the condemned property, the sufficiency of the security or the procedures followed by the condemnor, Patterson was required to file preliminary objections.

In *North Penn,* this court set forth the notice requirements that must be sent to the condemnee. In *North Penn,* the condemnee objected to the declaration of taking because the condemnor failed to attach a notice to defend to the declaration of taking under Pa. R.C.P. No. 1018.1. This court denied preliminary objections because although a notice to defend would provide additional information to the condemnor, the Rules of Civil Procedure do not apply to eminent domain proceedings and thus a condemnor need not comply with Pa. R.C.P. 1018.1. In *North Penn,* 650 A.2d at 1199, n. 5, this court stated that:

Section 405 of the Eminent Domain Code, 26 P.S. §1–405 provides that written notice

must be sent within 30 days of the filing of a declaration of taking. The notice must include the caption of the case, the date of filing and the court term and number, the name of the condemnees, the name and address of the condemnor, a reference to the statute authorizing the take, a reference to the ordinance or resolution authorizing the specific take, a description of the purpose of the take, an identification of the property and the area of the taking, the title required, a statement of the location of the plan for inspection, a statement of how just compensation is secured, and a statement that a challenge to the power or right of the condemnor, the sufficiency of the security or the procedures followed, must be filed within 30 days.

Although the trial court in this case determined that the Condemnor met the requirements of 26 P.S. §1–405, as set forth in *North Penn,* we agree with Patterson that the notice did not specifically inform her that she was required to file preliminary objections. Nonetheless, the Condemnor specifically informed Patterson that any challenges to the declaration of taking must be filed within thirty days.

 Moreover, although the notice in this case did not specifically inform Patterson that she must file preliminary objections, Patterson was not prejudiced by this omission as she did in fact file preliminary objections in response to the declaration of taking. The standard of strict construction should not be applied to non-prejudicial irregularities in the procedural aspects of condemnation proceedings. *Avery v. Commonwealth,* 2 Pa.Cmwlth. 105, 276 A.2d 843 (Pa.Cmwlth. 1971).

In *Avery,* the condemnees challenged some procedural irregularities arising from the takings. This court observed that all notice and authorization procedures were substantially complied with by the condemnor and that the condemnees were not prejudiced by any irregularities. Although observing that condemnation proceedings affect the rights of individuals and therefore must be strictly construed, we stated that "[w]e know of no constitutional or legal mandate which requires us to apply the standard of strict construction to *non-prejudicial* irregularities in the procedural aspects of condemnation." *Id.* at 845 (emphasis in original).

As in *Avery,* any alleged procedural error did not prejudice Patterson. Patterson knew the condemnation proceedings were forthcoming, that she had thirty days to object to the proceedings and that she was to proceed under the Code as the declaration of taking instructed her to do. In fact, Patterson filed preliminary objections within fifteen days of having received the declaration of taking and notice to defend.

In accordance with the above, the order of the trial court is affirmed.

### ORDER

NOW, January 14, 1999, the order of the Court of Common Pleas of Wayne County at No. 3 1997 E.D., is affirmed.