In re COMMONWEALTH of Pennsylvania, acting by and through the DEPARTMENT OF GENERAL SERVICES, of the property of Charles D. Curry, Louis J. Curry, a/k/a/ L.J. Curry and Betty Curry, Partners, d/b/a Curry Lumber Company, a Pennsylvania corporation, Patrick Petroleum Corporation, Gallatin Fuels, Inc., Keystone Resources, Inc., and any other persons having or claiming an interest in the premises.

Charles D. CURRY, Louis J. Curry, a/k/a L.J. Curry and Betty Curry, Partners, d/b/a Curry Lumber Company, a Pennsylvania corporation

v.

COMMONWEALTH of Pennsylvania, acting by and through the DEPARTMENT OF GENERAL SERVICES, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 11, 1998.
Decided July 16, 1998.

Elizabeth A. O'Reilly, Harrisburg, for appellant.

Mark D. Brooks, Connellsville, for appellee.

Before FRIEDMAN and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Department of General Services (DGS) appeals from an order of the Court of Common Pleas of Fayette County (trial court) dismissing DGS' preliminary objections to a Petition for Appointment of Viewers filed by Charles D. Curry, Louis J. Curry, a/k/a L.J. Curry, and Betty Curry, Partners, d/b/a Curry Lumber Company (Curry). For the reasons that follow, we reverse and remand.

In 1988, the Pennsylvania General Assembly authorized the acquisition of several miles of abandoned railroad bed along the banks of the Youghiogheny River in Fayette County to be converted into a bike/hike trail. The trail would be controlled and administered by the Department of Conservation

and Natural Resources as an extension of Ohiopyle State Park. DGS was empowered to acquire the land in accordance with the Eminent Domain Code (Code)[1] and to award contracts for construction of the trail. Curry owned a tract of approximately 1124 acres, which abutted Ohiopyle State Park to the south, State Game Lands to the north, and the Youghiogheny River to the east. The abandoned railroad bed runs along the eastern portion of the tract, and a sliver of Curry's land runs for the length of the tract between the railroad bed and the river.

On April 5, 1991, DGS filed a Declaration of Taking condemning Curry's portion of the abandoned railroad bed. Curry filed preliminary objections to the taking, claiming it failed to depict the extent of the land being condemned. DGS filed an Amended Declaration of Taking, and Curry again filed preliminary objections asserting inadequate description of the property. DGS filed a Second Amended Declaration of Taking which was followed by various motions, answers and orders regarding the need for a current site survey. On October 3, 1991, the trial court issued an order approving a stipulation between the parties. The order provided that DGS would perform a site survey at a future date preceding construction of the bike/hike trail along Curry's property and that Curry would withdraw all preliminary objections filed to the Declarations of Taking, thereby entitling DGS to immediate possession of the condemned property.

On January 7, 1993, Curry filed a petition for payment of estimated just compensation. On January 13, 1993, the trial court ordered DGS to pay Curry $30,000.00 as estimated just compensation within ten days. On January 28, 1993, Curry filed a petition for contempt; the trial court found DGS in contempt and ordered it to pay Curry $30,000.00 plus penalties and fines.[2]

On July 15, 1996, Curry filed a Petition for Appointment of Viewers (Petition), which was sent to DGS by first class mail. The Petition alleged, *inter alia,* that the site survey was not performed as ordered, that Curry lost access to the remaining property, and that the condemnation resulted in a de facto taking. The trial court appointed a Board by order dated July 18, 1996 and, on August 8, 1996, DGS filed preliminary objections to the Petition. On May 15, 1997, DGS again filed preliminary objections to the Petition. Following oral argument and briefs, the trial court denied the preliminary objections by order dated October 16, 1997, citing *Department of Transportation v. Greenfield Township*, 135 Pa.Cmwlth. 113, 582 A.2d 41 (1990), *petitions for allowance of appeal denied,* 527 Pa. 669, 593 A.2d 844 (1991).

On appeal to this Court,[3] DGS first argues that the Petition was rendered defective due to improper service. DGS argues that Curry failed to comply with Section 502 of the Code, 26 P.S. § 1–502, which requires that a copy of any petition be sent by registered or certified mail to the adverse party. However, this Court has held that strict compliance with this notice requirement is not fatal where the condemnor has actual notice. *In Re Condemnation by the Department of Transportation*, 98 Pa.Cmwlth. 527, 512 A.2d 79 (1986), *petitions for allowance of appeal denied,* 513 Pa. 636, 520 A.2d 1386 (1987). DGS concedes that it received a copy of the Petition prior to its presentation to the trial court and does not assert any prejudice. Therefore, the trial court did not err in failing to sustain DGS' preliminary objections on the grounds that service was defective.

DGS next asserts that Curry waived the issue of a de facto taking by failing to raise this issue in preliminary objections to the Declaration of Taking. However, the facts here are similar to those in *Greenfield Township*. In that case, the court held that

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101 – 1–903.

2. The docket reflects that payment was made on May 3, 1993.

3. Our scope of review is limited to determining whether the trial court abused it discretion or committed an error of law, or whether findings of fact are supported by substantial evidence. *Palm Corp. v. Department of Transportation,* 688 A.2d 251 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 548 Pa. 641, 694 A.2d 625 (1997).

landowners, who were unaware at the time a declaration of taking was filed that a portion of their property would be landlocked as a result of the condemnation, did not waive the issue of a de facto taking by failing to raise the issue in preliminary objections to the declaration of taking. The record here supports the conclusion that the Declaration of Taking did not adequately establish the extent or effect of the taking. Therefore, this issue is not waived.

■ Finally, DGS asserts that the trial court erred in dismissing its preliminary objections without an evidentiary hearing. When presented with a petition for appointment of viewers to which preliminary objections in the nature of a demurrer have been filed, the trial court must first determine whether the averments, taken as true, are sufficient as a matter of law to state a cause of action of a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed or the petitioner allowed to amend his pleading. If the averments, taken as true, might establish a de facto taking, the trial court must take evidence so that a judicial determination may be made. *Millcreek Township v. N.E.A. Cross Co.*, 152 Pa.Cmwlth. 576, 620 A.2d 558 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 739 (1994). Stated otherwise, if the preliminary objections raise an issue of fact, the resolution of which is necessary for determining whether a de facto taking has occurred, the court must hold an evidentiary hearing. *Id.*

■ In the present case, Curry's Petition avers that it has lost access to timber and real property between the condemned property and the river, to the remaining outer property, and to riparian rights. The Petition further avers that Curry has lost a constructed improvement of a roadway on the property and that the condemnation has divided the property into two separate tracts, diminishing its value. The Petition avers sufficient facts which, taken as true, might establish a cause of action. As DGS specifically denies each of those averments in its preliminary objections to the Petition, an evidentiary hearing must be held to resolve these factual issues.

Accordingly, we reverse the trial court's order and remand this matter with instructions for the trial court to hold an evidentiary hearing on DGS' preliminary objections to the Petition.

### *ORDER*

NOW, July 16, 1998, the order of the Court of Common Pleas of Fayette County is reversed and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction is relinquished.