In Re: Condemnation by the ECONO-MY BOROUGH MUNICIPAL AUTHORITY of property located at 1039 Big Sewickley Creek Road, County of Beaver, Economy Borough, Pennsylvania, found at Beaver County Deed Book Volume 1218, page 306, for the Big Sewickley Creek Wastewater Treatment Plant Project, Phase ii.

David W. Gilbert and Audrey J. Gilbert, husband and wife

v.

Economy Borough Municipal Authority

Appeal of: David W. Gilbert and Audrey J. Gilbert.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 2007.
Decided April 20, 2007.

William P. Bresnahan and Michele Zappala Peck, Pittsburgh, for appellants.

John F. Salopek, Aliquippa, for appellee.

BEFORE: LEADBETTER, President Judge, SMITH–RIBNER, Judge (P.), FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

David W. and Audrey J. Gilbert (Gilberts) appeal from the order of the Court of Common Pleas of Beaver County dated August 2, 2006 overruling their preliminary objections to the preliminary objections filed by the Economy Borough Municipal Authority (Authority) to the Gilberts' petition for appointment of a board of viewers (petition for appointment) alleging a *de facto* taking. The Gilberts filed their petition pursuant to the former Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended, formerly* 26 P.S. §§ 1–101–1–903, repealed by Section 5 of the Act of May 4, 2006, P.L. 112.[1] They question whether the trial court erred in finding that the Authority's preliminary objections to the petition for appointment were filed in a timely manner.

On January 25, 2006, the Gilberts filed their petition for appointment alleging a *de facto* taking of their fee simple interest in property they own that contains a single-family dwelling adjacent to land on which the Authority began excavation work for the Big Sewickley Creek Wastewater Treatment Project in Economy Borough, Beaver County.[2] On January 27, 2006, a board of viewers was appointed by order of the trial court; the Gilberts mailed a copy of their petition for appointment to the Authority along with a copy of the court order appointing the viewers. On March 7, 2006, the Authority filed its preliminary objections to the petition for appointment alleging that the petition failed to conform to a rule of court or law; that

the averments on causation and damages were insufficient; and that the petition failed to state a cause of action. The Gilberts responded with preliminary objections alleging that the Authority filed its preliminary objections past the statutory deadline.

The trial court overruled the Gilberts' preliminary objections based on its conclusion that the Authority's preliminary objections were timely filed. The trial court indicated that a hearing on the Authority's preliminary objections would be scheduled before the case could proceed to the Board of Viewers. It noted that Section 504 of the Code, 26 P.S. § 1–504, governed the filing of preliminary objections to a petition for appointment of viewers whereas Section 406, 26 P.S. § 1–406, governed the filing of preliminary objections to a declaration of taking. After determining that the Authority had not received written notice by registered or certified mail from the viewers as of the date of argument on July 6, 2006, the trial court concluded that the twenty-day period within which the Authority was required to file its preliminary objections had not begun to run. *See* Section 504 of the Code.

In response to the Gilberts' appeal, the Authority raises whether this Court has jurisdiction to entertain the Gilberts' appeal from the interlocutory order overruling their preliminary objections to the Authority's preliminary objections; whether the Gilberts have the right to file preliminary objections to preliminary objections in an eminent domain action; and whether the procedures and time limitations for

---

1. Section 1 of the Act of May 4, 2006, No. 2006–34, enacted the consolidated Eminent Domain Code, 26 Pa.C.S. §§ 101–1106, effective in 120 days.

2. The project included, among other things, a wastewater treatment plant, five pump sta-

tions and approximately 360,000 feet of sewer line. The Gilberts alleged that as a result of the excavation and pumping, the aquifer supplying water to the Gilberts' well was drained and then dried up.

filing preliminary objections, statutorily imposed by the Code, were properly followed. The Authority asserts that the Gilberts are not entitled to an interlocutory appeal as a matter of right under Pa. R.A.P. 311,[3] nor have they sought permission to appeal the interlocutory order pursuant to Pa. R.A.P. 312. Moreover, the Authority observes, the trial court's order is not a final order as defined by Pa. R.A.P. 341 and, hence, the Gilberts have no basis to appeal.

■ An appeal will lie only from a final order, unless otherwise permitted by rule or statute. *In re Condemnation of 23.015 Acres More*, 895 A.2d 76 (Pa. Cmwlth.2006). Rule 311 identifies the categories of interlocutory orders from which an appeal may be taken as of right. In their statement of jurisdiction, the Gilberts cite Rule 311(e), which implements Section 5105(c) of the Judicial Code, 42 Pa.C.S. § 5105(c), providing for appellate review of interlocutory orders as a matter of right "as may be specified by law." Interlocutory orders "specified by law" in eminent domain cases are limited to those specifically identified in Rule 311(e): **"Orders overruling preliminary objections in eminent domain cases.** An Appeal may be taken as of right from an order overruling preliminary objections to a declaration of taking and an order overruling preliminary objections to a petition for appointment of a board of viewers." First, an interlocutory appeal may be taken as of right from an order overruling preliminary objections to a declaration of taking. Pa. R.A.P. 311(e); *Township of O'Hara v. Condemnation of an Easement and Right of Way for Pub. Purposes,* 860 A.2d 1160 (Pa.Cmwlth. 2004). Second, an interlocutory appeal may be taken as of right from an order overruling preliminary objections to a petition for the appointment of viewers. Pa. R.A.P. 311(e); *In re Commonwealth, Department of General Services,* 714 A.2d 1159 (Pa.Cmwlth.1998).

■ Rule 311(e) does not specify that an appeal may be taken as of right from an interlocutory order overruling preliminary objections to preliminary objections, such as the Gilberts present. An appeal from an order overruling preliminary objections to preliminary objections is not one that is "specified by law," and such an appeal therefore cannot be the subject of this Court's jurisdiction. Only the law defines what constitutes an appealable order; parties to an action may not do so. *See Middletown Township v. Lands of Josef Seegar Stone,* 882 A.2d 1066 (Pa.Cmwlth. 2005) (quashing appeal of co-tenant in an eminent domain action because trial court's orders denying reconsideration of a prior order were not appealable as co-tenant was not put out of court), *appeal granted in part,* 587 Pa. 138, 897 A.2d 1167 (2006).

The Gilberts present no authority for this Court to assume jurisdiction over their appeal from the trial court's interlocutory order. The order of the trial court overruling the Gilberts' preliminary objections cannot be appealed as of right under Rule 311(e), despite their jurisdictional state-

---

**3.** Rule 311(a) provides that an appeal may be taken as of right from interlocutory orders (1) affecting judgments; (2) attachments; (3) change of criminal venue or venire; (4) injunctions; (5) peremptory judgment in mandamus; (6) new trials; (7) partition; (8) estate and trust matters; and (9) in other cases involving, *inter alia,* orders sustaining venue or personal or in rem jurisdiction or changing venue, orders overruling preliminary objections in eminent domain cases and administrative remands. Rule 311(e) provides for interlocutory appeals as of right from certain orders in eminent domain cases. Under Pa. R.A.P. 312, an appeal may be taken from an interlocutory order by permission of the Court.

ment to the contrary. Because the Gilberts have not sought permission to appeal under Pa. R.A.P. 312 and the order in question is not a final order within the meaning of Pa. R.A.P. 341, the Court, consequently, has no jurisdiction to hear the Gilberts' appeal. Accordingly, the Court quashes the appeal from the interlocutory order of the trial court.

### ORDER

AND NOW, this 20th day of April, 2007, the appeal of David W. Gilbert and Audrey J. Gilbert is hereby quashed, and this case is returned to the Court of Common Pleas of Beaver County to proceed.