Stephen J. Szabo and Mary B. Szabo,   :
              Appellants          :
                               :
              v.                  :
                               :
Commonwealth of Pennsylvania,   :   No. 2039 C.D. 2015
Department of Transportation     :   Argued:  November 14, 2016

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE JOSEPH M. COSGROVE, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION BY JUDGE COSGROVE       FILED:  April 12, 2017

This matter is before us on appeal from the decision of the Court of Common Pleas of Washington County (trial court) which denied the Petition of Stephen J. Szabo and Mary B. Szabo, husband and wife (Szabos), seeking an evidentiary hearing on the extent and nature of property interests condemned in an eminent domain matter.  For the reasons set forth below, we reverse and remand.

The Szabos are the owners of real property in McMurray, Pennsylvania that is improved with a commercial retail business.  On January 10, 2013, the Department of Transportation (Department) filed a Declaration of Taking (Declaration) with the trial court to acquire property for the expansion of State Route 19 under the Eminent Domain Code (Code).[1]  Pursuant to the Declaration,

---

[1] Section 302 of the Eminent Domain Code provides, in relevant part, as follows:

    **(a) Condemnation and passage of title.—**

        (1)  Condemnation under the power of condemnation given by law
            to a condemnor shall be effected only by the filing in court of

the Department acquired a portion of the property owned by the Szabos. Plans illustrating the proposed condemnation, the property lines and ownership interests of the affected properties, accompanied the Declaration. Some property lines were labeled as "probable [sic] correct." (Reproduced Record (R.R.) at 11a.) As a part of the project, the Department agreed to construct a rear parking lot at either a flat or safe and acceptable grade on the Szabos' property.

On December 12, 2013, pursuant to Section 502 of the Code,[2] the Szabos filed a Petition for Appointment of Viewers to determine the amount of just

---

a declaration of taking with the security required under section 303(a) (relating to security required).

(2) The title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of the filing, and the condemnor shall be entitled to possession under section 307 (relating to possession, right of entry and payment of compensation).

…

(b) **More than one property included in declaration.--**The condemnor may include in one declaration of taking any or all of the properties specified in the action by which the declaration of taking was authorized.

26 Pa.C.S. § 302.

[2] Section 502 of the Eminent Domain Code provides as follows:

(a) **Contents of petition.--**A condemnor, condemnee or displaced person may file a petition requesting the appointment of viewers, setting forth:

(1) A caption designating the condemnee or displaced person as the plaintiff and the condemnor as the defendant.

(2) The date of the filing of the declaration of taking and whether any preliminary objections have been filed and remain undisposed of.

(3) In the case of a petition of a condemnee or displaced person, the name of the condemnor.

2

compensation as a result of the condemnation. The Board of View scheduled a hearing for June 18, 2014.

In preparation for the hearing, the Szabos engaged a professional registered surveyor to complete a survey of their property. The surveyor discovered that the plans attached to the Declaration misidentified property owned by the Szabos as owned by other entities. As a result of the inaccuracies, the plans understated the amount of property owned by the Szabos taken as part of the condemnation. Therefore, the Department condemned more of the Szabos' property than the Declaration indicated.

The Szabos immediately brought these concerns to the attention of the Department, but the parties were not able to reach an agreement on the matter. The Szabos filed a Petition for Evidentiary Hearing on May 13, 2015, requesting that the trial court conduct an evidentiary hearing to determine the nature and extent of the property interests condemned and identify the owners thereof. On August 17, 2015, the trial court entered an order denying the Petition for Evidentiary Hearing. On September 4, 2015, the Szabos filed a Motion for Reconsideration and In the

---

(4) The names and addresses of all condemnees, displaced persons and mortgagees known to the petitioner to have an interest in the property acquired and the nature of their interest.

(5) A brief description of the property acquired.

(6) A request for the appointment of viewers to ascertain just compensation.

**(b) Property included in condemnor's petition.--**The condemnor may include in its petition any or all of the property included in the declaration of taking.

….

26 Pa.C.S. § 502.

3

Alternative for Certification of Permission to Appeal. This Court granted Appellants' petition for permission to appeal[3] on February 16, 2016.

Based on the trial court's opinion, issued coextensive with the August 17, 2015 order, the Szabos raise two issues on appeal: 1) whether the trial court erred in holding the declaration of taking filed by the Department did not deprive the Szabos of adequate notice of the extent or effect of the taking; and 2) whether the Szabos' failure to file preliminary objections constituted a waiver of their right to raise the inadequacy of the plan attached to the declaration of taking. The Szabos argue the Declaration did not adequately describe the extent or effect of the taking of their property and therefore an exception to the rule requiring the filing of preliminary objections within 30 days would apply and the trial court should have conducted an evidentiary hearing. The Declaration filed with the trial court understated the Szabos' property interests and the Department affected a taking of more of the Szabos' land than indicated in the Declaration.

The Department argues that the Declaration contained plans depicting the areas to be condemned and, therefore, Szabos had notice of the parcels being condemned. The Department acknowledges that the revised plans for the taking included the disputed parcels and those parcels are owned by other parties. (R.R. at 11a-12a.) However, the Department argues that the Szabos received the Notice of Taking and had two meetings with the Department, which more than satisfied the statutory requirements of Section 305 of the Code.

Section 305 of the Code requires the condemnor to give written notice to the condemnee of the filing of the declaration of taking within 30 days after

---

[3] Our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law, or whether findings of fact are supported by substantial evidence. *In re: Commonwealth, Department of General Services,* 714 A.2d 1159 (Pa. Cmwlth. 1998).

4

filing. The written notice must contain, among other items, a reasonable identification of the property. 26 Pa.C.S. § 305(c)(8). The Department filed the Declaration on January 10, 2013, and filed with it plans that illustrated the proposed taking and ownership of the affected property. These plans incorrectly identified property owned by the Szabos as owned by other parties. (Supplemental R.R. 31b-53b.)

In *West Whiteland Associates v. Commonwealth, Department of Transportation*, 690 A.2d 1266 (Pa. Cmwlth. 1997), this Court noted that the plot plans and property plat filed with the declaration of taking and served upon the condemnee are part of, and indeed, the heart of the declaration of taking. *Id.* at 1269. It is only by reference to such plans that one can determine what property is the subject of the condemnation. *Id.*

This Court has held on several occasions how crucial it is that plans attached to the declaration of taking be specific in describing property that is condemned and how important it is to properly identify that property at the earliest stages of the taking. *In re Commonwealth, Department of General Services*, 714 A.2d 1159 (Pa. Cmwlth. 1998) (landowner did not waive issue of de facto taking by failing to raise that issue in preliminary objections where the declaration of taking did not adequately establish the extent or effect of the taking); *Commonwealth, Department of Transportation v. Greenfield Township-Property Owners*, 582 A.2d 41 (Pa. Cmwlth. 1990) (landowners' failure to file preliminary objections to the declaration of taking did not preclude them from alleging a *de facto* taking where landowners were unaware that the condemnation would leave property landlocked).

Instantly, the parcels in question in this condemnation were marked on the plans filed with the Declaration as belonging to other parties. (R.R. 7a-12a.)

5

Not until a surveyor was engaged was it discovered these parcels were owned by the Szabos and the Szabos were not compensated for the taking of that property. In the Declaration, the Department failed to accurately identify that property which was part of the taking. This failure resulted in a taking of more of the Szabos' property than indicated in the plans. Therefore, the Department did not provide adequate notice of the extent and effect of the taking.

The Szabos next argue that their failure to file preliminary objections raising the inadequacy of the plan attached to the Declaration of Taking to establish the extent or effect of the taking did not constitute a waiver thereof. The Department did not supply plans that properly identified the owners of the property that was part of the taking. The Szabos argue that if this Court follows the reasoning of the trial court, that the Declaration was sufficient because it correctly listed what, if not whose, property the Department desired to take (despite having inaccurately identifying the owner), the burden of preparing accurate plans falls to the condemnee. It would also force a condemnee to file preliminary objections to every declaration of taking regardless of whether the basis for the preliminary objections exists lest rights be waived forever.

The Szabos contend there is no prejudice to the Department by holding an evidentiary hearing to ensure the appropriate property owners are paid just compensation as required by Article I, Section 10 of the Pennsylvania Constitution.[4] Otherwise, parties that do not own the property will be compensated for the Commonwealth's exercise of eminent domain over the Szabos' property.

---

[4] Article I, Section 10 of the Pennsylvania Constitution provides in part that private property shall not be "taken or applied to public use, without authority of law and without compensation being first made or secured."

The Department argues that, under Section 306 of the Code, filing preliminary objections within 30 days of the notice of condemnation is the exclusive means available to challenge the nature and extent of the property interest held by the condemnee. The description of the property is so necessary to the eminent domain process that it needs to be decided at the earliest possible stage by the filing of preliminary objections to avoid potential prejudice. The Department contends that, since the Szabos did not file preliminary objections within 30 days of the notice of taking, they should not be entitled to an evidentiary hearing on the issue of the extent and nature of the taking.

In *City of Pittsburgh v. Gold*, 390 A.2d 1373 (Pa. Cmwlth. 1978), this court held that a landowner who suffered damages to his property as the result of a condemnation proceeding but who had not filed preliminary objections to the declaration of taking was not precluded from alleging a de facto taking because the landowner learned of the damage to his property two years after the declaration of the taking was filed.

Although Section 306(a)(1)[5] of the Code requires that preliminary objections be filed within 30 days of the filing of the declaration of taking, the courts have recognized that a condemnee does not waive such issues where the declaration of taking does not adequately establish the extent or effect of the taking. *In re Department of General Services*, 714 A.2d 1159 (Pa. Cmwlth. 1998).

---

[5] **(a) Filing and exclusive method of challenging certain matters.—**

    (1) Within 30 days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking.

26 Pa.C.S. § 306(a)(1).

In *In re Department of General Services*, the Department of General Services (DGS) was empowered to acquire land that was an abandoned railroad bed to turn it into a bike/hike trail. Curry Lumber Company (Curry) owned 1124 acres of land, a portion of which was located between the railroad bed and the river. DGS filed a declaration of taking for a portion of Curry's land that was part of the railroad bed and compensated Curry for the taking. DGS moved forward with the trail project. Three years later, Curry filed a Petition for the Appointment of Viewers because of lost access to timber, riparian rights, and real property between the condemned property and the river. DGS filed preliminary objections, which the trial court denied, and DGS appealed. This Court held that "if the preliminary objections raise an issue of fact, the resolution of which is necessary for determining whether a de facto taking has occurred, the court must hold an evidentiary hearing." *Id.* at 1162. The Court determined the record supported the conclusion that the declaration of taking did not "adequately establish the extent of effect of the taking" and therefore the issue of a de facto taking was not waived. *Id.*

Here, the Department did not adequately identify the property being taken in the plans filed with the Declaration of Taking. But for their engagement of a surveyor, the Szabos would not have known the full extent of the taking of their property. The burden of accurately identifying the property taken through the exercise of eminent domain should not fall on the condemnees. Section 302 of the Code requires the condemnor, and not the property owner, to properly identify those affected by the taking.

It is clear the plans filed with the Declaration of Taking did not adequately establish the extent or effect of the taking and, therefore, the Szabos have not waived their right to raise the issue in preliminary objections to the

8

Declaration. For the reasons stated, we reverse the Order of the trial court and remand this matter to the trial court for an evidentiary hearing to determine the property interests affected by the taking and the proper compensation for the condemned property.


_____
JOSEPH M. COSGROVE, Judge

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Stephen J. Szabo and Mary B. Szabo,   :
                      Appellants   :
                                    :
            v.                     :
                                    :
Commonwealth of Pennsylvania,     :    No. 2039 C.D. 2015
Department of Transportation       :

<u>O R D E R</u>

AND NOW, this 12th day of April, 2017, the decision of the Court of Common Pleas of Washington County is reversed and we remand to that court for an evidentiary hearing consistent with this opinion. Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge