IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                                      :
                                                     :
                              Appellant              :
                                                     :
               v.                                    : No. 922 C.D. 2017
                                                     : Submitted: February 15, 2019
J. Mario Civera, John P. McBlain,                    :
Thomas J. McGarrigle,                                :
Colleen Morrone, Anne M. Coogan,                     :
Angela L. Martinez, Joseph McGinn,                   :
Deborah L. Gaston, Ruthanne Fiore,                   :
Nicole M. Cotturo, Joseph P.                         :
Cronin, Jr., Christine Fizzano                       :
Cannon, Gerald Montella, Chad F.                     :
Kenney, John J. Whelan                               :

OPINION NOT REPORTED

MEMORANDUM OPINION
**PER CURIAM**                            FILED:  September 4, 2019


               Alton D. Brown (Brown) appeals, *pro se*, from a final order of the Court

of Common Pleas of Delaware County (trial court), sustaining Appellees'[1]

preliminary objections (POs) in the nature of a demurrer to his Second Amended

Complaint.  Brown asserts that the trial court erred in sustaining the POs and

dismissing his Complaint with prejudice without holding a hearing, adjudicating his

motion to strike, or issuing an adequate opinion.  In addition, Brown maintains that

---

[1] Appellees include persons who are or were members of the Delaware County Council or judges, administrators or officers of the trial court, namely:  the Honorable Joseph P. Cronin, Jr., Judge; the Honorable Christine Fizzano Cannon, Judge (formerly a judge on the trial court, now a judge of this Court); the Honorable Chad F. Kenney, President Judge; and Administrator, Gerald Montella (Court Appellees); J. Mario Civera; John P. McBlain; Thomas J. McGarrigle; Colleen Morrone; Anne M. Coogan; Angela L. Martinez; Joseph McGinn; Deborah L. Gaston; Ruthanne Fiore; and Nicole M. Cotturo (Council Appellees); and District Attorney John J. Whelan (District Attorney Whelan) (collectively, Appellees).

the trial court lacked jurisdiction to rule on the POs and that the trial court judge who presided over this matter should have recused from the proceedings *sua sponte*. Discerning no error, we affirm.

## I. Background

On July 3, 2014, Brown initiated this action by filing a complaint against Appellees. Appellees filed POs. The trial court sustained the POs but granted leave to amend and provided Brown with directions as to the requirements of a complaint.

Brown filed an amended complaint, to which Appellees reasserted their prior objections. Again, the trial court sustained the POs, but afforded Brown a second opportunity to file a further amended complaint, and provided him with directions as to the requirements of a complaint.

On May 5, 2016, Brown filed a Second Amended Complaint against Appellees. Therein, Brown, who describes himself as a "political prisoner" and an inmate at State Correctional Institution (SCI) at Greene, states that he was convicted in Delaware County of numerous crimes between 1997 and 1999 and sentenced to an aggregate term of 108 to 216 years of incarceration. Original Record (O.R.), Item No. 31 (Complaint) ¶¶1, 23. Brown alleged there is a conspiracy afoot in Delaware County aimed at denying him due process and equal protection and thwarting his post-conviction criminal and civil efforts to obtain justice. *Id.* ¶¶24, 26-28.

With regard to Court Appellees and District Attorney Whelan, Brown claimed that they have engaged in sabotage and conspiracy against him. Brown identified a series of cases that he filed in the trial court in which he has had difficulties. He cited instances where his motions were denied, sometimes without

hearings, or not adjudicated at all; his inquiries were ignored; or his cases were transferred to other tribunals. *Id.* ¶33(i)-(xvii). He cited one specific instance where he did not receive a receipt or filing notice from the trial court, and he claimed that trial court personnel ignored his numerous inquiries regarding the same. *Id.* ¶30. He challenged the assignment of certain judges to his cases. *Id.* He alleged that the Delaware County Criminal Justice System discriminates against poor, uneducated, minority criminal defendants. *Id.* ¶29. With regard to Council Appellees, he alleged that they failed to adequately train and/or supervise court personnel. According to Brown, this amounts to a "pattern" of misconduct, sabotage and conspiracy. *Id.* ¶31.

Based on these averments, Brown presented six counts: Count I – Intentional Infliction of Emotional Distress; Count II – Civil Conspiracy; Count III – Denial/Interference with Court Access; Count IV – Intentional Misrepresentation; Count V – Denial of Due Process; and Count VI – Retaliation. Brown requested $5,000,000 in punitive damages; $2,000,000 in compensatory damages; a change in venue from the trial court to the courts of common pleas of Philadelphia or Pittsburgh; a declaratory judgment against Court Appellees that their actions or inactions violated their constitutional oath and Brown's constitutional rights; an injunction enjoining all Appellees, their agents, employees or any person acting in concert with them from further mishandling Brown's future court filings; costs; and any other relief deemed just and proper.

In response, Appellees filed POs to the Second Amended Complaint asserting, *inter alia*, lack of service, frivolous litigation and failure to state a cause of action against them. *See* O.R., Item Nos. 33, 35, 36. They claimed the Second Amended Complaint suffered from the same deficiencies as the original and the first amended complaint. In addition, Court Appellees asserted that the act commonly

known as the Sovereign Immunity Act[2] bars any claims against them. O.R., Item No. 35.

The trial court afforded Brown the opportunity to respond to the POs within 30 days, which Brown did not exercise. By order dated November 7, 2016, docketed on November 15, 2016, the trial court sustained Court Appellees' POs and dismissed the Second Amended Complaint in its entirety with prejudice as to all Appellees. The trial court explained that Brown was given numerous opportunities to file a complaint that states a cause of action against any named defendant. Despite opportunities to cure the defects in his prior pleadings and clear direction from the trial court as to the requirements of a complaint, Brown failed to state a cause of action against any defendant with clarity or specificity. Moreover, Brown's attempts to set forth a cause of action in his Second Amended Complaint were not comprehensible nor pled in such manner as to allow any defendant to respond in a meaningful manner. Brown's appeal to this Court follows.[3, 4]

## II. Issues

In this appeal, Brown contends that the trial court erred by: sustaining Appellees' POs and dismissing his Second Amended Complaint with prejudice; refusing to adjudicate his motion to strike the November 7, 2016 Order; disposing of Appellees' POs without first holding a hearing; and issuing an inadequate opinion

---

[2] 42 Pa. C.S. §§8521-8527.

[3] Brown's appeal was transferred from Superior Court to this Court. He was permitted leave to appeal *nunc pro tunc*.

[4] Our review of a trial court's order sustaining or denying POs is limited to determining whether the trial court erred or abused its discretion. *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2016).

4

that does not comply with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. In addition, Brown maintains that the trial court lacked personal jurisdiction to rule on the POs; and that the trial court judge who presided over this matter should have recused from the proceedings *sua sponte*.

### III. Discussion
### A. POs

First and foremost, Brown contends that the trial court erred by sustaining Appellees' POs and dismissing his Second Amended Complaint with prejudice. Pennsylvania is a fact-pleading state. *McCulligan v. Pennsylvania State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015), *aff'd*, 135 A.3d 580 (Pa. 2016). Pursuant to Rule 1019(a) of the Pennsylvania Rules of Civil Procedure, a complaint must state "[t]he material facts on which a cause of action . . . is based . . . in a concise and summary form." Pa. R.C.P. No. 1019(a). Specifically, a plaintiff is required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action." *McCulligan*, 123 A.3d at 1141 (quoting *Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products, Inc.*, 868 A.2d 624, 636 (Pa. Cmwlth. 2005)). "Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard." *Id.* A PO in the nature of a demurrer is properly sustained where the complaint is legally insufficient. Pa. R.C.P. No. 1028(a)(4); *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001).

Here, the trial court afforded Brown two opportunities to amend his complaint and advised him that he needed to comply with Rules 1018, 1019, and 1022 of the Pennsylvania Rules of Civil Procedure. More particularly, the trial court directed Brown to set forth his name and current address, the names and addresses

5

of the defendants in separate numbered paragraphs, and the material facts on which his cause of action is based in a concise and summary form, with each paragraph containing as far as practicable only one material allegation.

Although Brown complied with the trial court's formatting instructions, he did not provide the necessary material facts to support a cause of action. Brown averred that Appellees have conspired and retaliated against him and sabotaged his post-conviction criminal and civil efforts to obtain justice in the Delaware County legal system.[5] Brown also claimed that Appellees have intentionally inflicted emotional distress, made intentional misrepresentations, and denied him due process. However, Brown failed to provide any specific factual allegations to support those conclusions. Although Brown did include details as to what petitions were denied in specific cases, he did not allege facts indicating a conspiracy or an agreement to act unlawfully, retaliation, misrepresentation, intent, or other facts

_____

[5] Civil conspiracy occurs where two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979); *Brown v. Blaine*, 833 A.2d 1166, 1173 n.16 (Pa. Cmwlth. 2003). To state a cause of action for conspiracy:

> [T]he complaint must allege the following: (1) combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) overt act done in pursuance of common purpose; and (3) actual legal damage. . . . A complaint alleging civil conspiracy must allege facts showing the existence of all the elements, and if the plaintiff is unable to allege facts that are direct evidence of the combination and its intent, he must allege facts that, if proved, will support an inference of the combination and its intent. . . . Bare allegations of conspiracy, without more, are insufficient to survive a demurrer.

*Brown*, 833 A.2d at 1173 n.16 (citations omitted). "Proof of malice, i.e., an intent to injure, is essential in proof of a conspiracy." *Thompson Coal*, 412 A.2d at 472.

6

supporting the elements of a cause of action for any of his counts. Rather, Brown made a series of legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments to support them. Because Brown has not pled sufficient facts to support a cause of action, the trial court properly sustained the POs and dismissed his Second Amended Complaint with prejudice.

## B. Motion to Strike

Next, Brown claims that the trial court erred by not adjudicating his motion to strike the November 7, 2016 Order. In essence, Brown's motion sought reconsideration of the Order. However, Brown did not file his motion until January 26, 2017, which is more than 30 days from the Order's date of entry on November 15, 2016. Although a court may grant reconsideration, it may only do so within the time prescribed for the filing of a notice of appeal, which is 30 days. Pa. R.A.P. 903; Pa. R.A.P. 1701(b)(3)(ii). Consequently, the trial court was not obligated to act on Brown's motion and lost jurisdiction to do so after the 30-day appeal period expired. *See Lichtman v. Glazer*, 111 A.3d 1225, 1230 (Pa. Cmwlth.), *appeal denied*, 125 A.3d 779 (Pa. 2015). Thus, the trial court did not err in this regard.

## C. No Hearing

Next, Brown contends that the trial court denied him due process by sustaining Appellees' POs in the nature of a demurrer without first holding a hearing. Rule 1028(c)(2) of the Pennsylvania Rules of Civil Procedure provides that "[t]he court shall determine promptly all preliminary objections." Pa. R.C.P. No. 1028(c)(2). "*If an issue of fact is raised*, the court shall consider evidence by deposition or otherwise." *Id.* (emphasis added). However, demurrers challenging

the legal insufficiency of a pleading may be determined from the facts of record without further evidence. Pa. R.C.P. No. 1028, *Note*; *Cardenas*, 783 A.2d at 321. Indeed, "[w]hen no issues of fact are raised, the court shall dispose of the preliminary objections as a matter of law on the basis of the pleadings alone." *Matter of D.L.S.*, 420 A.2d 625, 626 (Pa. Super. 1980); *accord Cardenas*, 783 A.2d at 321.

Here, Appellees demurred on the basis that Brown failed to allege sufficient facts to support a cause of action. The POs did not raise any issues of fact warranting the need for an evidentiary hearing. Because no issues of fact were raised, the trial court properly disposed of the POs as a matter of law on the basis of the pleadings alone. *Abarbanel v. Weber*, 490 A.2d 877 (Pa. Super. 1958); *see In re Department of General Services*, 714 A.2d 1159, 1162 (Pa. Cmwlth. 1998) (if the POs raise an issue of fact, the resolution of which is determinative to the outcome of the case, the court must hold an evidentiary hearing).

### D. Rule 1925(a) Opinion

Brown further contends that the trial court's opinion failed to comply with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and that he was prejudiced by the trial court's inadequate decision. Rule 1925(a) provides that "if the reasons for the order do not already appear of record" the judge shall file "at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found." Pa. R.A.P. 1925(a).

Here, the trial court's November 7, 2016 Order sustained Appellees' demurrer. In both the Order and Rule 1925(a) opinion, the trial court explained that, despite opportunities to cure his prior defective complaints, Brown's Second

8

Amended Complaint failed to state a cause of action against any named defendant and lacked specificity and coherence as to enable Appellees to respond in a meaningful way. Upon review, the trial court adequately set forth the grounds for sustaining the POs and dismissing Brown's Second Amended Complaint with prejudice.

### E. Personal Jurisdiction

Brown maintains that the trial court lacked personal jurisdiction over Appellees because of Brown's failed attempts to properly serve them. As a result, Brown argues that the trial court lacked jurisdiction to rule on their POs. On this basis, he seeks reversal of the November 7, 2016 Order and assistance from the court to effect original process.

Rule 401(a) of the Pennsylvania Rules of Civil Procedure provides: "Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa. R.C.P. No. 401(a). "The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *See Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 221 A.2d 185, 187 (Pa. 1966). A party may file POs for lack of personal jurisdiction or improper service of a complaint. Pa. R.C.P. No. 1028(a)(1).

Here, in addition to the other objections raised, Appellees objected on the basis that they were not properly served. Brown seems to concede that he did not properly serve Appellees. *See* Appellant's Brief at 9. Although the trial court sustained the POs for failure to state a claim upon which relief may be granted, lack of proper service would have also served as a valid basis upon which to sustain the

9

POs. Under either scenario, sustaining the POs was appropriate. Consequently, Brown is not entitled to the relief requested.

## F. Recusal

Finally, Brown contends that the Honorable Robert J. Shenkin, who presided over this matter, should have recused himself from the proceedings, *sua sponte*. Brown asserts that Judge Shenkin's behavior demonstrated bias and prejudice against him. Brown attempted to name Judge Shenkin as a defendant and co-conspirator in this matter.

A party seeking disqualification of a trial judge bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal. *Commonwealth v. Perry*, 364 A.2d 312 (Pa. 1976). Should the trial court find that the party seeking recusal has not met this burden, denial of the recusal motion is appropriate, and will not be reversed absent a clear abuse of discretion. *Reilly by Reilly v. SEPTA*, 489 A.2d 1291, 1299 (Pa. 1985).

Here, Brown did not request Judge Shenkin's recusal. Further, Brown's factual support for his allegations of prejudice relate to Judge Shenkin's refusal or failure to: adjudicate his motion seeking assistance to officially serve defendants with original process; grant his motion seeking an extension of time to respond to the POs;[6] grant his motion requesting a change in venue; serve Brown a

---

[6] According to our review of the record, Judge Shenkin did grant an extension. Judge Shenkin modified his February 1, 2016 order by extending the time in which to file an amended complaint from March 2, 2016, to May 2, 2016. O.R., Item Nos. 23 (Trial Court Order, 2/1/16) and 29 (Trial Court Order, 4/4/16); O.R., Hearing Transcript, Notes of Testimony, 4/1/16, at 8-9. Brown's allegation in this regard lacks merit.

copy of the November 7, 2016 Order;[7] and meaningfully adjudicate his motion for *nunc pro tunc* relief.[8]   Appellant's Brief at 8-9.   These allegations are mere recitations of unfavorable rulings against Brown, and clearly fail to satisfy the necessary burden.  *See Feingold v. Hill*, 521 A.2d 33, 39-40 (Pa. Super. 1987).

## IV. Conclusion

Accordingly, we affirm.

Judge Fizzano Cannon did not participate in the decision of this case.

---

[7] This omission was rectified.

[8] By order docketed March 3, 2017, Judge Shenkin denied Brown's motion for leave to appeal *nunc pro tunc* because the matter of the timeliness was under consideration by the appellate court.  O.R., Item No. 48.  However, he did so "*without prejudice*" in the event that the appellate court should determine that the issue should be addressed by the trial court.  *Id.* (emphasis added). This Court remanded the matter to the trial court for a determination as to whether the Court's November 7, 2016 Order was mailed to Brown and whether Brown should be permitted to appeal *nunc pro tunc*.  Commonwealth Court Order, 7/14/17.  On remand, Judge Shenkin discovered that Brown was never served with a copy of the Order and granted Brown leave to appeal *nunc pro tunc*.  O.R., Item No. 52 (Trial Court Order, 11/9/17).  Because Judge Shenkin did grant *nunc pro tunc* relief, this allegation also lacks merit.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Alton D. Brown, | : |
| | : |
| Appellant | : |
| | : |
| v. | : No. 922 C.D. 2017 |
| | : |
| J. Mario Civera, John P. McBlain, | : |
| Thomas J. McGarrigle, | : |
| Colleen Morrone, Anne M. Coogan, | : |
| Angela L. Martinez, Joseph McGinn, | : |
| Deborah L. Gaston, Ruthanne Fiore, | : |
| Nicole M. Cotturo, Joseph P. | : |
| Cronin, Jr., Christine Fizzano | : |
| Cannon, Gerald Montella, Chad F. | : |
| Kenney, John J. Whelan | : |

**PER CURIAM**

# **O R D E R**

AND NOW, this 4th day of September, 2019, the order of the Court of Common Pleas of Delaware County, filed November 15, 2016, is AFFIRMED.